## 65473. WESTERN BROADCASTING COMPANY OF COLUMBUS, INC. et al. v. BARRINGTON.

POPE, Judge.

Appellant Western Broadcasting Company of Columbus, Inc. operates a television station, WTVM. To collect amounts allegedly due for advertising broadcast by WTVM for Barrington Ford, appellant brought suit against appellee Richard Barrington, president of Barrington Motor Company, which operated under the registered trade name of Barrington Ford. Prior to late 1980,

advertising for Barrington Ford had been placed by an advertising agency. However, in an effort to lower operating costs by saving the payment of a 15% commission ordinarily due to its independent advertising agency, an "in-house" agency was established and entitled "El Bee Advertising Agency." Through appellee, Barrington Ford notified appellant and other providers of media advertising services that after December 1980 all charges for such advertising for Barrington Ford should be billed directly to "El Bee." This notification was sent on Barrington Ford stationery with the mailing address of "El Bee" listed as that of Barrington Ford. "El Bee" was never incorporated. Appellant billed "El Bee" at the Barrington Ford mailing address for advertising broadcast after December 1980 through May 1981.

In mid-1981 Barrington Motor Corporation was put into involuntary bankruptcy, but the proceeding was later converted into a voluntary bankruptcy. After filing the suit which is the subject of this appeal, appellant filed a proof of claim in the bankruptcy claiming a debt owed for advertising in the amount of $32,061. Subsequent to discovery by both parties, appellee's motion for summary judgment was granted.

Appellant contends that the grant of summary judgment was improper because a genuine issue of material fact exists as to whether appellee personally obligated himself to pay for Barrington Ford advertisements broadcast by WTVM. By affidavit appellee swore that all dealings between himself and appellant's agents and employees were conducted in his corporate capacity as president of Barrington Motor Corporation, d/b/a Barrington Ford, and that appellee never obligated himself individually to appellant to be or become responsible for or to guarantee payment of any debt for advertising for Barrington Ford. Appellant asserts that this was refuted in the deposition of Gerald Watson, a former advertising sales representative for WTVM who had handled the Barrington Ford account at all pertinent times. Watson stated that he had dealt personally with appellee on decisions regarding placing advertising for Barrington Ford through "El Bee." Further when asked if appellee made promises to pay for the bills sent to "El Bee," appellant points to the following to show that an issue of fact was created: "He [led] me to believe that we would be paid time and time again. He told me we would be paid time and time again."

"As a legal entity, a corporation is separate and distinct from its officers, stockholders, and agents. [Cit.] The legal advantage of incorporation being the limited liability of its stockholders. [Cit.] Thus, owners of corporations restrict personal liability by acting only as an agent of the corporation." *Casey v. Carrollton Ford Co.,* 152 Ga.

App. 105, 106 (262 SE2d 255) (1979). "Courts permit 'piercing the corporate veil' 'in situations where the parties involved have themselves disregarded the separateness of legal entities by a commingling and confusion of properties, records, control, etc.' [Cit.]" *Bone Constr. Co. v. Lewis,* 148 Ga. App. 61, 63 (250 SE2d 851) (1978). Although the separateness of the corporation as an entity may be disregarded " 'where such corporation has overextended its privileges in the use of the corporate entity to defeat justice, to perpetrate fraud, or to evade statutory, contractual or tort responsibility' " (*Casey v. Carrollton Ford Co.,* supra at 106), the evidence of record in the case sub judice does not support such judicial action as there is no showing of abuse of corporate form by appellee. See *Klemme Cattle Co. v. Westwind Cattle Co.,* 156 Ga. App. 353 (3) (274 SE2d 738) (1980).

The following facts are uncontroverted: WTVM's sales representative, Watson, had for a number of years prior to December 1980 dealt with appellee, as president of Barrington Ford, in placing advertisements for Barrington Ford with WTVM. All purchased air-time for which the debt is allegedly owed was used for the broadcast of Barrington Ford advertisements. The establishment of "El Bee Advertising Agency" as an "in-house" agency was for the purpose of receiving discounted rates from the media by saving on the commission paid to an independent agency. "El Bee" was neither incorporated nor ever treated as a separate entity. Instead, it was a department of Barrington Motor Company, d/b/a Barrington Ford, sharing its mailing address. The formation of such an "in-house" agency for this purpose and in this manner was not unusual for a WTVM client of the size of Barrington Ford, nor was it questioned by Watson or his superiors. Additionally, the suit filed by appellant was originally brought against Richard Barrington d/b/a Barrington Ford, Linda Barrington d/b/a El Bee and Barrington Motor Company. Appellant dismissed its claim against Linda Barrington, and eventually against Barrington Motor Company due to the bankruptcy. Appellant filed a proof of claim in the bankruptcy of Barrington Motor Company for the amount of the debt claimed due to it for Barrington Ford advertising.

The evidence adduced by appellant does not justify "piercing the corporation veil" as it fails to controvert appellee's statement denying assumption of *individual* liability for the advertising broadcast for Barrington Ford. Cf. *Saxton v. Luke,* 164 Ga. App. 170 (296 SE2d 751) (1982); *DeJong v. Stern,* 162 Ga. App. 529 (3) (292 SE2d 115) (1982). The grant of appellee's motion for summary judgment was correct.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JUNE 20, 1983 —
REHEARING DENIED JULY 6, 1983

*Jerry D. Sanders,* for appellants.
*John P. Partin,* for appellee.