## 72992. ZARETT et al. v. WASSERMAN.
(349 SE2d 518)

BANKE, Chief Judge.

The appellants, Jon and Marcia Zarett, bought a new home from B. W. Homes, Inc., the developer of a north Fulton County subdivision called "The Pinery." They subsequently brought this action against B. W. Homes, Inc., along with its president, appellee Stephen Wasserman, and others, seeking to recover damages for the alleged fraud of the defendants in failing to issue or honor certain written warranties, as well as for their alleged breach of a contractual obliga-

tion to complete certain work on the property. The claim against appellee Wasserman was predicated upon the allegation that he had participated in the alleged fraud by authorizing the distribution of promotional brochures representing that certain written warranties would be provided to the purchasers at closing. Wasserman was also alleged to be liable on the ground that B. W. Homes, Inc., was so undercapitalized from its inception that the corporate veil should be disregarded. This appeal is from the trial court's grant of summary judgment to Wasserman. The case remains pending below against B. W. Homes, Inc., and the other defendants. *Held*:

1. Whether the corporate entity should be disregarded depends upon the particular circumstances of each case. See *Hogan v. Mayor &c. of Savannah*, 171 Ga. App. 671 (3) (320 SE2d 555) (1984). Even assuming *arguendo* that undercapitalization alone would be a sufficient circumstance to warrant such action, the appellants have failed to refute Wasserman's statement in his affidavit to the effect that the corporation had always met its financial obligations and currently had sufficient funds, or access to such funds, to service all potential warranty claims against it. There being no evidence suggesting that Wasserman had ever used the corporate entity to defeat justice, perpetrate fraud, or evade statutory, contractual or tort responsibility, it follows that no basis has been established for holding Wasserman personally liable for the corporation's debts. See generally *Western Broadcasting Co. v. Barrington*, 167 Ga. App. 301 (306 SE2d 320) (1983).

2. The trial court's conclusion that Wasserman could not be held personally liable for the alleged fraud was based upon a determination that he had not personally dealt with the appellants in their purchase of the home. The appellants contend that he could nevertheless be found to have participated in the alleged fraud by personally approving certain brochures distributed by the corporation representing that written warranties would be furnished to the purchaser at closing. However, the evidence shows without dispute that the appellants proceeded to close on the property without insisting that the warranties be furnished. Consequently, any antecedent agreement or promise involving the furnishing of such written warranties must be deemed to have been extinguished at that time. While collateral agreements relating to future performance of work by the grantor with respect to the property are not extinguished by acceptance of the deed, see *Holmes v. Worthey*, 159 Ga. App. 262, 265-268 (282 SE2d 919) (1981), aff'd 249 Ga. 104 (1) (287 SE2d 9) (1982), an agreement relating solely to the papers and documents to be executed and delivered at closing clearly is still subject to the merger rule. See *Postell v. Hearn*, 104 Ga. App. 765 (123 SE2d 13) (1961). In reaching this decision, we express no opinion on whether any enforceable promises were

made regarding the completion of work on the property which survived the closing. We merely hold that the alleged failure to reduce such promises to writing and deliver them to the appellants at the closing does not in and of itself provide any basis for recovery.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 30, 1986 —
REHEARING DENIED OCTOBER 16, 1986.

*Jay E. Loeb*, for appellants.
*John J. Goger, David R. Bundrick*, for appellee.