75487. CARPET TRANSPORT, INC. v. DIXIE TRUCK TIRE COMPANY.
(363 SE2d 840)

DEEN, Presiding Judge.

Appellee Dixie Truck Tire Company (Dixie) filed suit on February 14, 1986, against appellant Carpet Transport, seeking to recover on an open account which was due and payable on April 10, 1985, plus interest and expenses of litigation for bad faith and stubborn litigiousness. It was undisputed that on February 28, 1985, appellant received delivery of 280 tractor-trailer truck tires and 300 tire tubes from Dixie having a total value of $47,845, but that no part of the agreed-upon purchase price had been paid. Under the warranty agreement applicable to the sales transaction between the parties, Dixie issued credits for defective tires previously sold to appellant; in the instant case a set-off of $6,314.63 was credited, leaving a balance owing of $41,519.37. Appellant claimed in response to demands for payment on the invoice that it was entitled to more than the amount of set-off computed by Dixie and refused to make any payments for the tires ordered, delivered, and accepted.

At trial Dixie submitted documentary evidence and testimony of witnesses who personally inspected the defective tires, establishing the amount due for the tires ordered and delivered as well as the basis for the credit given for the defective tires returned for adjustment. Appellant prior to litigation had claimed that it was owed a $9,000 set-off in addition to the $6,314.63 already credited by Dixie. In defensive pleadings and at the pretrial conference appellant asserted that it was entitled to $21,000 in total set-offs, admitting that $20,000 was owed under the contract. In its statement of the case submitted to the court for reading to the jury, however, appellant contended that it had submitted 183 tires worth $250 each, which should have been adjusted at 100 percent of their value of $250 each, or $45,750. Appellant's president and co-owner also testified variously at trial that the credits claimed were "right around $40,000"; that $61,000 "sounded right"; and that the correct amount "would be close to $47,000." Appellant presented no written records or other proof as to the number of tires submitted for adjustment, whether they were qualified for adjustment under the warranty, the type of tires, or the nature of the defects. Although appellant's president testified that his company bought various types of tires from Dixie over a period of several years, he contended that the 183 tires he claimed were submitted for adjustment were all the most expensive $250 radial tires. His testimony was based primarily on the recollection of the truck driver who unloaded the tires at Dixie, but the driver did not testify. Appellant's president further conceded that some of the tires submitted for credit could have been purchased from another source. Nor could Dixie produce any record of the number of tires received from Carpet Transport, the number of tires sent to Goodyear to be adjusted, or the number of tires disposed of without authorization.

The trial court denied Dixie's motion for directed verdict and submitted all issues to the jury, which returned a verdict for the full amount claimed on the account and as pre-judgment interest, costs, expenses of litigation, and attorney fees. This appeal is from the denial of appellant's motion for new trial. Dixie has filed a motion to impose a penalty for frivolous appeal pursuant to OCGA § 5-6-6.

1. Appellant contends that the trial court erred in submitting the issue of attorney fees to the jury because OCGA § 13-6-11 negates the possibility of such an award where there is a bona fide controversy to be decided between the parties. At issue is whether a contracting party is entitled to legally adjudicate a dispute between two entities, i.e., whether there was an oral guarantee from an officer of a firm soliciting business. "Generally, expenses of litigation — including attorney fees, are not allowed as a part of damages unless the defendant has acted in bad faith, has been stubbornly litigious, or has caused plaintiff unnecessary trouble and expense. [OCGA § 13-6-11]." *Ideal*

*Pool Corp. v. Champion,* 157 Ga. App. 380, 383 (277 SE2d 753) (1981). A plaintiff has the burden of establishing one of these three bases before a jury can award attorney fees, and on appeal there must be some evidence of one of the three statutory conditions before an appellate court should approve the award. *Franchise Enterprises v. Ridgeway,* 157 Ga. App. 458, 460 (278 SE2d 33) (1981). Although appellee alleged all three bases for attorney fees in the complaint, the record is devoid of any evidence of bad faith.

When bad faith is not in issue and only the elements of stubborn litigiousness or unnecessary trouble and expense are relied upon, "if a bona fide controversy clearly exists between the parties [cit.] . . . attorney fees are not authorized under OCGA § 13-6-11 . . . if the evidence shows that 'a genuine dispute exists — whether of law or fact, on liability or amount of damages, or on any comparable issue." *Dimambro Northend Assoc. v. Williams,* 169 Ga. App. 219, 225 (312 SE2d 386) (1983). " ' "A mere refusal to pay a disputed claim is not the equivalent of stubborn litigiousness" ' " (*Ideal Pool,* supra at 384; *Williams,* supra at 225), and "is not sufficient to award attorney fees." *Allen v. Brackett,* 165 Ga. App. 415, 421 (3) (301 SE2d 486) (1983). Accord *General Refractories Co. v. Rogers,* 240 Ga. 228, 235 (2) (239 SE2d 795) (1977); *Gordon v. Ogden,* 154 Ga. App. 641, 642 (2) (269 SE2d 499) (1980).

Justice Logan Bleckley, in *Tift v. Towns,* 63 Ga. 237, 242, expressed the judicial tenet succinctly: "No man is bound to forego litigation at the expense of yielding rights apparently well founded. . . . Where there is a *bona fide* controversy for the tribunals to settle, and the parties cannot adjust it amicably, there should be no burdening of one with the counsel fees of the other, unless there has been wanton or excessive indulgence in litigation." Here, appellant's president swore that Dixie guaranteed to adjust every tire not used for more than one year, but failed to abide by this agreement. Dixie denied that there was such an agreement. Both parties admitted that a large number of tires were submitted to Dixie for adjustment and that the tires not adjusted were not returned to the owner, appellant. The Goodyear area manager said the tire carcasses had a value of up to $90 each. No credit was given to Carpet Transport for the wrongful disposal of this property, which had been returned by Goodyear in the past. We find that these facts sufficiently establish a bona fide controversy as to the amount due to Dixie that Carpet Transport should not be penalized for litigating the issue. For that reason, we reverse the portion of the trial court's judgment awarding attorney fees, and decline to impose a penalty pursuant to OCGA § 5-6-6 for appealing a justiciable issue.

2. Appellant's complaint concerning the failure of the trial court to give its requested charge on the definition of "bad faith" cannot be

sustained. The only exception made was a blanket objection "to the judge's not giving everything [appellant's attorney] requested," without any statement of the grounds for the objection as required by OCGA § 5-5-24 (a). *Green v. Dillard*, 176 Ga. App. 574 (2) (337 SE2d 55) (1985).

3. Appellant urges that the trial court improperly curtailed introduction of evidence showing the set-off value of tires it had purchased from Dixie on other occasions and been allowed an adjustment. Appellant made no proffer to show what this evidence would have been or how it was relevant to the set-off value of the tires under litigation. Although it is now argued that appellant's witness would have testified that there were similar problems with the other tires which had been accepted for adjustment, such evidence is nevertheless irrelevant. "In a controversy between two [parties] regarding a given subject-matter, evidence as to what occurred between one of them and a third person with reference to a similar, though entirely distinct, transaction is irrelevant." (Citations and punctuation omitted.) *Haggins v. Employees' Retirement System*, 255 Ga. 352, 355 (3) (338 SE2d 1) (1986); *Weil Bros.-Cotton v. T.E.A.*, 181 Ga. App. 122, 127 (2) (351 SE2d 670) (1986).

*Judgment affirmed in part and reversed in part. Birdsong, C. J., and Pope, J., concur.*

DECIDED DECEMBER 3, 1987.

*Charles G. Price*, for appellant.
*William H. Boling, Jr.*, for appellee.