*David M. Wolfson*, for appellee.

## 76572. McNORRILL v. CANDLER GENERAL HOSPITAL, INC.
(373 SE2d 780)

BEASLEY, Judge.

Plaintiff McNorrill appeals the grant of partial summary judgment to defendant hospital in this suit to recover for physical injury McNorrill allegedly sustained while an emergency room patient. He maintains that a nurse dropped him while attempting to remove him from a stretcher to a wheelchair.

Count one of the complaint, as amended, was based on the hospital's vicarious liability for the alleged negligence of its nurse in not procuring additional assistance or proper equipment for McNorrill's move. For a more detailed statement of facts and theories of recovery in the original complaint, see *Candler Gen. Hosp. v. McNorrill*, 182 Ga. App. 107 (354 SE2d 872) (1987).

Following the emergency room mishap, the nurse completed an insurance carrier confidential incident report on which he selected from a list and checked a box indicating that the predominating incident cause was "lifting or moving." The hospital's risk manager partially whited out the mark and instead designated as the predominating cause a fall "on same level."

McNorrill amended his complaint to add a second count alleging that he was entitled to punitive damages, attorney fees, and expenses because of the change on the incident report claiming it was done in bad faith as an attempt to conceal the true cause of the incident and the hospital employee's negligence. Summary judgment was granted to the hospital on this count after the court ruled that the report would have no bearing on plaintiff's cause as it was inadmissible at trial.

McNorrill maintains that there exist material questions of fact as to whether the alteration of the incident report would support a claim for punitive damages under OCGA § 51-12-5 (a). He states that he never intended to set forth a separate cause of action for fraud and deceit but rather that the alteration of the report was a fact which aggravated the underlying original tort claim.

That code section provides that "[i]n a tort action in which there are aggravating circumstances, in either the act or the intention, the jury may give additional damages to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." However, "[t]he aggravating circumstance must relate to the tort being sued on, . . ." *C & S Nat. Bank v. Bougas*, 245 Ga. 412, 413-414 (265 SE2d 562) (1980).

The act being sued on was the alleged negligent dropping of McNorrill. The change in the report of it for insurance purposes by the risk manager after the incident did not relate to the nurse's commission of the act itself.

Furthermore, appellant's assertion that alteration of the incident report is of importance to his case is belied by both the nature of the alteration itself and that of the entire document. The eradication of the original check mark in the box on the form and the substitution did not substantively alter the nurse's stated version of the incident as reflected on the report. Just below the boxes, the nurse had written a description of the incident including predominating and contributing causes, including that the incident had occurred "[w]hile attempting to move patient from stretcher to wheelchair." Thus, the circumstances of the incident were not obscured by the alteration.

Additionally, the undisputed evidence is that the report was not a part of McNorrill's medical records, which he would be entitled to see, but rather a document between the hospital and its insurer. The trial court ruled the document inadmissible at trial, so the hospital would not have been able theoretically to benefit at trial from the change on the report. Besides there was undisputed evidence that the supervisor made the change for statistical purposes for the insurance company, and that if anything, classifying the incident as a fall made it worse for the hospital insurance-wise. Even if the claim for additional damages had been hinged on a proper cause, the allegation of aggravating circumstances such as would be necessary for the imposition of punitive damages was pierced. See *Ray Jones, Inc. v. Cowan*, 139 Ga. App. 811 (229 SE2d 669) (1976).

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED SEPTEMBER 7, 1988 —
REHEARING DENIED OCTOBER 3, 1988 ▮

*Noble L. Boykin, Jr.*, for appellant.
*Frank W. Seiler, Wiley A. Wasden III, Peter D. Muller*, for appellee.