A90A2122. HESTER ENTERPRISES, INC. et al. v. NARVAIS et al.
(402 SE2d 333)

CARLEY, Judge.

Appellee-plaintiffs brought suit against appellant-defendants Hester Enterprises, Inc. (the Corporation) and Jerry Hester, the Corporation's president and principal shareholder (Hester), seeking to recover for breach of a residential construction contract and for negligent construction. The case was tried before a jury and a verdict in favor of appellees and against both appellants was returned. Appellants appeal from the judgments entered by the trial court on the jury's verdicts.

1. The underlying contract was between the Corporation and the appellees. At the close of the evidence, Hester moved for a directed

verdict as to his individual liability on the ground that there was no evidence to authorize a piercing of the corporate veil. The denial of this motion is enumerated as error.

" 'While upon equitable principles the legal entity of a corporation may be disregarded,' [cit.], great caution should be exercised by the court in doing so. [Cit.]" *Amason v. Whitehead*, 186 Ga. App. 320, 321 (367 SE2d 107) (1988). "All corporate bodies perforce must operate through individuals. The mere operation of corporate business does not render one personally liable for corporate acts. [Cit.] The corporate veil may be pierced where the parties themselves have disregarded the separateness of legal entities by commingling on an interchangeable or joint basis or confusing the otherwise separate properties, records or control. [Accordingly, the issue to be decided is whether there is] any evidence in this record to indicate that [Hester], in addition to acting as the principal operating officer of the [Corporation], also conducted his private and corporate business on an interchangeable or joint basis as if they were one. [Cit.]" *Earnest v. Merck*, 183 Ga. App. 271, 273 (358 SE2d 661) (1987).

There is evidence that, at the closing, Hester guaranteed performance of a new agreement whereby a central air conditioning system would be installed in appellees' home. However, standing alone, such an assurance in no way implies that Hester was not merely guaranteeing that the Corporation, of which he was an officer, would perform this new agreement. "[T]here is no evidence short of speculation that [Hester] was acting in an individual capacity whereas in apposition, the records show [appellees were] aware by [all relevant] written documents that [Hester] was acting only in a representative capacity. [Cit.]" *Earnest v. Merck*, supra at 273. See also *Western Broadcasting Co. of Columbus v. Barrington*, 167 Ga. App. 301, 302-303 (306 SE2d 320) (1983); *Menchio v. Rymer*, 179 Ga. App. 852, 853 (1) (348 SE2d 76) (1986). Compare *Bone Constr. Co. v. Lewis*, 148 Ga. App. 61, 64 (4) (250 SE2d 851) (1978). Moreover, a corporate officer who does personally guarantee an obligation may be personally liable for the performance of *that* particular obligation, but such a personal guarantee does not render him personally liable on *any and all* corporate obligations. Any evidence that Hester personally guaranteed the installation of a central air conditioning system in appellees' home would *not* be evidence that he disregarded the corporate entity in such a manner as to authorize his personal liability for the Corporation's breach of contract or tort in any other regard.

No evidence whatsoever was introduced in this case to suggest that Hester commingled or confused the Corporation's records, assets, or finances with his own. See *Stewart Bros. v. Allen*, 189 Ga. App. 816 (1) (377 SE2d 724) (1989); *Menchio v. Rymer*, supra at 853 (1). Instead, the record clearly shows that corporate funds were placed in

the corporate checking account and that the funds drawn on that account were used only to pay corporate obligations, including payments to Hester in his corporate capacity. Compare *Abbott Foods of Ga. v. Elberton Poultry Co.*, 173 Ga. App. 672 (327 SE2d 751) (1985) (where the president and principal shareholder of the corporation had *not only* paid himself 'salary advances' from the corporation's checking account, but had used the corporation's funds to purchase another company's stock in his own name — with the proceeds going to the corporation's only other shareholder — and to make loan and insurance payments on his personal automobile); *Sheppard v. Tribble Heating & Air Conditioning*, 163 Ga. App. 732 (1) (294 SE2d 572) (1982) (where the defendant had intermingled his personal finances with those of the corporation by depositing checks from the sale of corporate property to his personal bank account and by using the corporation's assets to purchase land in his own name and to pay off personal loans). There is no evidence that, at the time of any payments to Hester, the corporation was insolvent or even that the corporate checking account was overdrawn. Compare *Hyzer v. Hickman*, 195 Ga. App. 213, 216 (1) (393 SE2d 79) (1990); *Abbott Foods of Ga. v. Elberton Poultry Co.*, supra at 672. Likewise, the evidence raises no inference of undercapitalization. Compare *Hyzer v. Hickman*, supra at 215-16 (1). The fact that funds in the corporate account were not specifically expended in connection with the construction of appellees' home may demonstrate a corporate breach of contract, but does not demonstrate that Hester is personally liable for that breach.

Principal "ownership of a corporation by one person or another corporation is not a factor, [cit.], and neither is the fact that the [principal] owner uses and controls it to promote his ends. [Cit.] . . . There is no evidence of fraud, no abuse of the corporate form, no commingling of assets and not even a showing of corporate insolvency at the time of [any cash withdrawal by Hester]. . . . The evidence was insufficient to warrant piercing the corporate veil and the verdict against [Hester] individually cannot stand. [Cits.]" *Amason v. Whitehead*, supra at 322. Accordingly, the judgment against Hester is reversed with direction that a judgment in his favor be entered in accordance with his erroneously denied motion for a directed verdict. OCGA § 9-11-50 (e).

Remaining enumerations of error are, therefore, moot as to appellant Hester and will be considered only as they relate to the judgment against the Corporation.

2. The denial of a motion for mistrial is enumerated as error. However, there was a failure to renew the motion after the trial court gave curative instructions and this constitutes a waiver. *Hill v. Cochran*, 258 Ga. 473, 475 (4) (371 SE2d 94) (1988).

3. The trial court's giving of a charge on punitive damages is enu-

merated as error. The contention is that there was no evidence to support an award of such damages.

Appellees were not authorized to recover punitive damages in connection with their breach of contract claim. " 'Generally, punitive damages are not recoverable for breach of contract, even though the breach may be in bad faith. OCGA § 13-6-10; [cit.].' [Cit.]" *Menchio v. Rymer,* supra at 854 (3). There was no evidence to remove the instant case from this general rule. Moreover, appellees were not authorized to recover punitive damages in connection with their tort claim because the circumstances upon which they rely for such a recovery do not relate to the underlying tort of negligent construction. See OCGA § 51-12-5.1 (b); *McNorrill v. Candler Gen. Hosp.,* 188 Ga. App. 636 (373 SE2d 780) (1988). Since there was no evidence to authorize a recovery of punitive damages in either contract or tort, it follows that the trial court erred in giving a charge on that element of damages.

4. The trial court's giving of a charge on attorney's fees and costs of litigation pursuant to OCGA § 13-6-11 is also enumerated as error. The contention is that there was no evidence of bad faith, stubborn litigiousness or unnecessary trouble and expense.

Even if the evidence shows no bona fide dispute as to the Corporation's liability for breach of the construction contract, the evidence nevertheless shows a bona fide dispute as to the amount of damages appellees were authorized to recover. See *Carpet Transport v. Dixie Truck Tire Co.,* 185 Ga. App. 181, 182 (1) (363 SE2d 840) (1987). Moreover, appellees do not point out, and we do not find, any evidence of bad faith. It follows that the trial court erred in giving the charge on the recoverability of attorney's fees. "Inasmuch as it cannot be determined as a matter of law that the verdict did not include unauthorized [attorney's fees], the judgment [against the Corporation] cannot stand. A new trial must be had on the claims properly remaining in the case." *Petrolane Gas Svc. v. Eusery,* 193 Ga. App. 860, 863 (2) (389 SE2d 355) (1989).

*Judgments reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 13, 1991.

*Barry W. Bishop,* for appellants.
*Lawrence E. Burke,* for appellees.