A91A1508. HOLMES v. DRUCKER.
(411 SE2d 728)

BIRDSONG, Presiding Judge.

This is an appeal by plaintiff Barbara Holmes in a legal malpractice action. Appellant was injured in an automobile collision on August 4, 1986, and retained attorney Kenneth Drucker on March 2, 1987, to file a personal injury lawsuit. Drucker failed to file suit on Holmes' behalf before the statute of limitation expired as to her claims. This malpractice suit was filed June 26, 1989, alleging negligence, breach of fiduciary duty and fraud, Holmes contending that in addition to allowing the statute of limitation to expire on her claims, Drucker had stated falsely to her that he was preparing and had filed Holmes' suit; that he made other statements to her to conceal his failure to file suit; that he failed to answer her telephone calls and letters; and that he refused to return Holmes' file after she retained new counsel.

The trial court in this malpractice action bifurcated the trial (see OCGA § 51-12-5.1 (d) (1)), ruling that in the first hearing the jury would determine the question of liability and whether punitive damages should be awarded, the second hearing to be held to determine attorney fees and punitive damages, if any. On the day of trial, the trial court granted Drucker's motion in limine to exclude in the first hearing all evidence of Drucker's conduct occurring after the statute of limitation expired on Holmes' personal injury claims. In the first stage of the bifurcated hearing, the jury awarded Holmes $6,187.43 actual damages for Drucker's failure to file suit before the statute of limitation expired; the jury also determined punitive damages should not be awarded. The second hearing thus addressed only the issue of attorney fees and expenses of litigation. Holmes appeals the jury verdict and judgment. *Held*:

1. Holmes contends the trial court erred in granting Drucker's motion in limine, by holding that the only issue was Drucker's liability for failing to file Holmes' lawsuit within the statute of limitation and that evidence of Drucker's subsequent acts was irrelevant to that issue; and that the trial court erred in refusing, as irrelevant, evidence that Drucker breached his fiduciary duty and committed fraud as alleged in her malpractice complaint.

Drucker contends that "conduct subsequent to the tort is *not admissible* to support a claim for punitive damages"; see *C & S Nat. Bank v. Bougas*, 245 Ga. 412, 413-414 (265 SE2d 562); *McNorrill v. Candler Gen. Hosp.*, 188 Ga. App. 636 (373 SE2d 780). As he puts it,

there was absolutely no evidence Holmes suffered any damage on account of Drucker's "bad acts" after and other than his failure to file suit within the statute of limitation and that since there is no evidence he "intentionally" failed to file her lawsuit, punitive damages would not be warranted in any case.

Georgia law generally excludes, as irrelevant and prejudicial, evidence of defendant's conduct occurring after the act giving rise to plaintiff's claim. In *McNorrill*, supra, we held that in a suit for negligence, evidence that a nurse altered a medical report after the injurious act was not admissible to prove aggravating circumstances, because the alteration of the report "did not relate to the nurse's commission of the act itself." Id. at 637. But, we also noted that McNorrill sued only for a negligent act, and that he stated he "never intended to set forth a separate cause of action for fraud and deceit but rather that the alteration of the report was a fact which aggravated the underlying original tort claim." Id. at 636.

Drucker's failure to file Holmes' personal injury suit within the statute of limitation is not the only injury for which Holmes sought recovery in this malpractice action. Holmes sued as well for breach of fiduciary duty and for fraud; she has a cause of action for such misconduct as concealment and misrepresentation by her attorney, and for the breach of his fiduciary duty to her. See *Arnall, Golden & Gregory v. Health Svc. Centers*, 197 Ga. App. 791, 792-793 (399 SE2d 565). "Concealment per se constitutes actual fraud where one party has the right to expect full communication of the facts from another"; (id. at 793), and constructive fraud may consist of "any act of omission or commission, contrary to legal or equitable duty, trust or confidence justly reposed. . . ." OCGA § 23-2-51. Where there is fraud or breach of a legal or private duty accompanied by any damage, the law gives a right to recover. OCGA §§ 51-1-6; 51-1-8; 51-6-1; 51-6-2. Damages, even only nominal damages, are given as compensation for injury done. OCGA § 51-12-4. The position taken by appellee in his motion in limine is that the client could recover damages for only one omission — in this instance the failure to file suit within the statute of limitation — and that any subsequent "bad act" committed to conceal that omission or to delay its discovery, is irrelevant unless it succeeded in its purpose. This is a very dangerous idea.

We do not doubt that the client has a cause of action for all tortious acts, and acts violating the fiduciary and contractual relationship. See *Arnall, Golden & Gregory*, supra. The trial court excluded evidence of the very acts (fraud, breach of fiduciary duty and intentional misconduct) for which Holmes sought damages, the theory being that those acts were not aggravating circumstances as to *one* of the legal insults committed. This was error. The jury might have determined that as to these other acts there were damages, and aggra-

vating circumstances justifying punitive damages, not for Drucker's failure to file Holmes' lawsuit within the statute of limitation, but because of these other acts. The jury's conclusion at the first phase of the bifurcated trial that no punitive damages were authorized might have been a valid conclusion as to the failure to file a timely lawsuit; but the complete exclusion of evidence as to other claims proposed by Holmes was error, and requires reversal of the verdict.

2. Appellee Drucker suggests the trial court's ruling withholding from the jury the evidence as to his other alleged acts subsequent to his failure to file a timely suit for the appellee was excused or justified by his "stipulation" that he had breached his fiduciary duty to appellant.

Inasmuch as he contends that nothing he did or did not do after failing to file a timely lawsuit is actionable, his stipulation that he breached his fiduciary duty must be in reference to his failure to file a timely lawsuit as the "breach of fiduciary duty." Obviously he could not, by admitting that one breach, prevent evidence of other breaches or wrongful acts. If, on the other hand, he meant to concede that his subsequent acts were a breach of fiduciary duty, then he has admitted they are actionable. Even if appellant/plaintiff suffered only nominal damages by them, the question of damages is for the jury, and Drucker could not, by stipulating that they were a breach, remove them from the jury's consideration.

In criminal cases, Georgia courts have held that " '[r]elevant evidence cannot be kept from the jury by an admission of the fact or waiver of the requirement of proof.' " *Scott v. State*, 250 Ga. 195, 199 (297 SE2d 18). In this case, Drucker's stipulation that he breached his fiduciary duty acted to confuse the issue raised by him that "subsequent bad acts" are not actionable in the first place. As in *Scott v. State*, supra, the evidence of "subsequent bad acts" was relevant, and he could not keep it from the jury by stipulating that he breached his fiduciary duty in some way.

3. Appellant complains of the trial court's refusal to charge her request No. 27; however, her objection at trial did not state distinctly the matter to which she objected and the grounds of her objection. OCGA § 5-5-24 (a); *Isaacs v. Williams Bros.*, 195 Ga. App. 812, 813 (395 SE2d 11).

4. Appellant Holmes complains that the jury's award of attorney fees was grossly inadequate. The evidence as to the contingency fee agreed upon by Holmes provides a sufficient and correct measure of attorney fees based upon a percentage of the damages awarded (see *American Motorists Ins. Co. v. King Shrimp Co.*, 199 Ga. App. 847, 851 (406 SE2d 273) but in view of our reversal of award of damages in Division 1, the award of attorney fees must be reversed.

*Judgment reversed. Pope and Cooper, JJ., concur.*

Decided October 3, 1991 —
Reconsideration denied October 31, 1991.

*George R. Dean,* for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Johannes S. Kingma,* for appellee.