A92A0398. BARTON v. MARUBENI AMERICA CORPORATION.
(419 SE2d 342)

POPE, Judge.

Plaintiff Marubeni America Corporation filed an action against defendant Walter F. Barton to collect payment on an overdue real estate note. The note, dated December 23, 1986, was in the amount of over $2.3 million with a maturity date of November 22, 1989. Defendant answered and admitted that the note remained unpaid but denied the note was in default. Defendant raised several affirmative defenses, including estoppel, failure of consideration, waiver, usury, and the claim that plaintiff was not entitled to recover on the grounds of fraudulent inducement, violation of fiduciary duty and because plaintiff exercised dominion and control over the property which secured the note. The trial court granted plaintiff's motion for summary judgment and defendant appeals.

Defendant argues plaintiff is not entitled to summary judgment because it did not pierce or even address all of defendant's affirmative defenses and, therefore, issues remain for jury determination. Our review of the record reveals that each and every defense was refuted by the evidence. We agree with the trial court that summary judgment is appropriate in this case because plaintiff showed the "evidence does not create a triable issue as to each essential element of the case." *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474) (1991).

The record shows the loan was made to defendant and he used the money to purchase the property secured by the note. Thus, no issue exists as to defendant's claim of failure of consideration. The record contains no evidence that plaintiff waived its right to collect the sum due pursuant to the note and in fact indicates the plaintiff pursued collection on the note before suit was filed. Defendant may not prevail on his claim of usury because the amount of the note is outside the provisions of Georgia's usury statute. See OCGA § 7-4-2 (a) (1) (B). Defendant's claim that plaintiff is barred from recovering because plaintiff has exercised dominion or control of the secured property is belied by defendant's own testimony that the property is titled in his name and that he has continued to market the property, though to no avail.

Defendant also claims plaintiff is estopped from enforcing the maturity date of the note and is precluded from recovering because he was fraudulently induced into believing that the maturity date would not be enforced if the property had not been sold by that date. At his deposition, however, defendant could not identify the person who made such representations to him, merely saying that the agreement about the maturity date was understood by all representatives of the plaintiff. This testimony is insufficient to modify the clear and unambiguous terms of the written note. OCGA § 24-6-2 permits parol evidence of collateral undertakings between the parties only when the writing does not purport to contain all the stipulations of the contract and only when such evidence is not inconsistent with the writing. In this case, defendant's testimony that the maturity date was waived by parol agreement is directly inconsistent with the certain and unambiguous maturity date stipulated in the written note. Moreover, the general rule prohibiting parol evidence may not be avoided on the theory of a confidential or fiduciary relationship between the parties. *Richards v. First Union Nat. Bank*, 199 Ga. App. 636 (405 SE2d 705) (1991).

Defendant's remaining claim is based on his theory that the relationship between the parties is not that of debtor/creditor but partners in the venture to purchase the property which secures the note and resell it for a profit. This theory is based on the fact that, in addition to interest of a stated amount, the note granted plaintiff the

right to share in any profits which might be realized upon sale of the property. The terms of contract granting a party the right to profits is not evidence, however, that a partnership, as opposed to a debtor/creditor relationship, existed between the parties. See OCGA § 14-8-7 (4) (E).

Because the record contains evidence refuting each and every theory of defense raised by the defendant and contains unrefuted evidence in support of plaintiff's claim, the trial court did not err in granting summary judgment to plaintiff.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED MAY 27, 1992.

*Chestnut & Livingston, Tom Pye,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, William T. Plybon, Jule J. Kreyling,* for appellee.