A93A0787. ANZIANO et al. v. APPALACHEE
ENTERPRISES, INC.
(432 SE2d 117)

JOHNSON, Judge.

Appalachee Enterprises, Inc., brought suit on a promissory note against Joe Anziano and Jalaine Brand. Anziano and Brand answered and counterclaimed for breach of contract. The trial court entered an

order granting summary judgment in favor of Appalachee on both the main claim and the counterclaim. Anziano and Brand bring this appeal from that judgment.

In April 1985, real estate agents Anziano and Brand entered into a contract to purchase 22[1] lots in a subdivision known as River Valley Station from Appalachee. The lots were taken down over a period of several months as they were sold off to builders. The contract provided that earnest money in the amount of $30,000, an amount equal to the price of each lot, would be held by the seller until the lots were sold. The last four lots were conveyed to Anziano and Brand in October 1985. In conjunction with the final closing, Anziano and Brand executed a promissory note in favor of Appalachee in the amount of $9,000. It is undisputed that Anziano and Brand made no payments on the promissory note.

1. Anziano and Brand contend that the trial court erred in entering summary judgment on the main claim without first adjudicating the merits of the counterclaim. This contention is without merit. The trial court entered but one order, and the order dealt with both the main claim and the counterclaim. Even if the court had found that appellants' counterclaim was meritorious and denied the plaintiff's motion for summary judgment as to that claim, it would have been appropriate to grant plaintiff's motion as to the main claim. In *Mock v. Canterbury Realty Co.*, 152 Ga. App. 872, 874 (1) (264 SE2d 489) (1980), we held that it is proper for a trial court to address the merits of a motion for summary judgment, with an eye toward simplifying the number of issues presented at trial, without reaching other viable claims in the case.

2. Anziano and Brand contend that the trial court erred in entering summary judgment on their counterclaim for breach of the sales contract in that a genuine issue of material fact remains regarding what constitutes an "approved and buildable" lot, and whether lot 15 was such a lot. The evidence in this case shows that lot 15 was conveyed by warranty deed to the appellants. It was subsequently sold to a builder, who obtained all necessary approval, built a house on it and sold it for a profit. In their depositions, both Anziano and Brand admit that they never sought a building permit for lot 15 and spent no money improving the lot prior to selling it to a builder. It is clear, as a factual matter, that the lot was buildable. As a matter of law, the doctrine of merger renders any claim on a sales contract for unimproved realty a nullity after appellants accepted the warranty deed. *Zarett v. Wasserman*, 180 Ga. App. 565, 566 (2) (349 SE2d 518) (1986); see also *Holmes v. Worthey*, 159 Ga. App. 262 (282 SE2d 919)

---

[1] The original contract included 23 lots. It was modified by mutual consent.

(1981), aff'd 249 Ga. 104 (287 SE2d 9) (1982). The trial court did not err in entering summary judgment against Anziano and Brand on their counterclaim for breach of contract.

3. Anziano and Brand next assert that summary judgment on the main claim was improper because Appalachee has failed to establish the non-existence of the affirmative defenses of duress, estoppel, failure of consideration, fraud, laches and release set forth in their answer. This assertion is without merit. The affirmative defenses of estoppel and release were withdrawn by the appellants' counsel during Anziano's deposition. The evidence in the record clearly refutes each of the remaining defenses raised by the appellants.

We will address the remaining affirmative defenses in the order in which they were asserted. With respect to the affirmative defense of duress, Anziano and Brand claim that Appalachee's assertion that it would retain the earnest money if the deal failed to close constitutes duress.[2] Appalachee made clear that it intended to exercise its legal remedy of retaining the earnest money in the event that Anziano and Brand refused to close. This does not constitute duress. *Stroup v. Robbie Jon Dev. Corp.*, 159 Ga. App. 652, 653 (284 SE2d 667) (1981). As this court pointed out in *Woods v. Wright*, 163 Ga. App. 124, 126 (292 SE2d 545) (1982), the appellants could have pursued other legal remedies, even though they may have seemed unattractive, rather than going forward with the closing.

The defense of failure of consideration must fail, in that it is clear from the record that consideration for the promissory note was the conveyance of the warranty deed to the final four lots. Both the promissory note and the deed were executed under seal. Contracts under seal carry a prima facie presumption of consideration. See *Jolles v. Wittenberg*, 148 Ga. App. 805, 807 (2) (253 SE2d 203) (1979); *Paige v. Jurgensen*, 204 Ga. App. 524, 526 (2) (419 SE2d 722) (1992). Nothing in the record rebuts that presumption.

Appellants assert that Appalachee's representative fraudulently represented to them that lot 15 was a buildable lot. As discussed in Division 2, above, the lot was sold and a house was built on it. The representation that the lot was buildable was not false and therefore the affirmative defense of fraud must fail. See *C. P. D. Chemical Co. v. Nat. Car Rental System*, 148 Ga. App. 756, 758 (2) (252 SE2d 665) (1979). Also, as discussed above, neither Anziano nor Brand made independent inquiries to county officials regarding the status of the lot. " '[O]ne must exercise ordinary diligence in making an independent

---

[2] Retaining all of the earnest money in transactions of this kind until all the lots have closed, instead of releasing it on a pro rata basis as the lots are sold, is a common practice which evolved to prevent "cherry-picking" of the choicest lots, forfeiting the remaining earnest money and leaving the developer with less desirable lots.

verification of contractual terms and representations, failure to do which will bar [a defense] based on fraud.' " (Citations omitted.) *Moran v. NAV Svcs.*, 189 Ga. App. 825, 826 (3) (377 SE2d 909) (1989).

The defense of laches is inapplicable to an action at law. *Black & White Constr. Co. v. Bolden Contractors*, 187 Ga. App. 805, 807 (2a) (371 SE2d 421) (1988).

Appalachee was entitled to summary judgment because the evidence presented as to each of the affirmative defenses fails to create a triable issue. See *Barton v. Marubeni America Corp.*, 204 Ga. App. 346, 347 (419 SE2d 342) (1992). The trial court did not err in granting summary judgment to Appalachee on the main claim.

*Judgment affirmed. Blackburn and Smith, JJ., concur.*

DECIDED MAY 26, 1993.

*Charles A. Mullinax*, for appellants.
*Webb, Tanner & Powell, Anthony O. L. Powell, Steven A. Pickens*, for appellee.