Tandy W. MITCHELL and Beulah V. Mitchell, Appellants,

v.

TRANSAMERICA INSURANCE COMPANY, Appellee.

James CARR, Appellant,

v.

Tandy W. MITCHELL and Beulah V. Mitchell, Appellees.

Court of Appeals of Kentucky.

May 20, 1977.

Richard M. Trautwein, Barnett & Alagia, Louisville, for Transamerica Ins. Co.

Victor W. Ewen, Ewen, Mackenzie & Peden, P. S. C., Louisville, for James M. Carr.

F. Thomas Conway, Robinson, Tackett, DeMoss & Conway, P. S. C., Louisville, for Tandy W. and Beulah Mitchell.

Before HOWARD, LESTER and WILHOIT, JJ.

HOWARD, Judge.

This is a case that involves claims by Tandy W. Mitchell and his wife, Beulah Mitchell, hereinafter called "Mitchells", made against their former attorney James Carr, hereinafter called "Carr". Also involved are Mitchells' claims against Carr's malpractice carrier Transamerica Insurance Company, hereinafter called "Transamerica".

The Mitchells were severely injured as a result of an accident occurring just north of Shepherdsville, Kentucky in Bullitt County. A tractor-trailer rig pulled out in front of the Mitchells while making a U-turn on Interstate 65. The Mitchells employed James Carr, an attorney, to represent them against the driver and owners of the rig. Carr let the one year Kentucky Statute of Limitations expire without filing suit but he kept this fact from his clients for several more months. In the meantime, he contacted Transamerica and advised its representatives of the potential loss. Carr attempted to settle this matter with Transamerica for $20,000.00 which was a figure that the Mitchells had once discussed with Carr. One of Transamerica's employees called the Mitchells and assured them that their claim was being processed but he did not reveal to them that he was calling on behalf of the Mitchells' liability carrier. Finally, Carr advised the Mitchells of his neglect and they promptly hired another attorney who thereupon brought an action in the Federal District Court of Southern Indiana. Indiana has a two year statute and the defendants in that case were subject to process there.

Prior to trial, a lump sum settlement was reached for the Mitchells in the amount of $60,000.00. In the meantime, suit was brought in Jefferson County, Kentucky by the Mitchells against Carr and Transamerica among others. The case was tried on the following issues:

1. A claim against Carr for negligence in permitting the statute to run in Kentucky. Coupled with this was a claim for unethical and fraudulent conduct, all of which allegedly damaged the Mitchells as to their claims.

2. A claim against Carr and Transamerica that Carr wrongfully divulged the contents of the Mitchell file to Transamerica with intent to defraud the Mitchells, all of which represented an invasion of the economic rights of the plaintiffs and a disturbance of the attorney-client relationship.

On the other hand, the defense contended that 1) No pecuniary damage resulted to the Mitchells, 2) Mitchells' remedy was not lost by any act or failure to act on the part of Carr as the Mitchells successfully maintained their case in Indiana, 3) The Mitchells incurred no pecuniary loss by reason of Carr having furnished his file to Transamerica, and 4) Carr's violation, if any, of ethical duties to the Mitchells, while a possible basis for disciplinary proceedings against him, was not a basis for a cause of action to be submitted to a jury for compensatory and punitive damages.

The case was tried on the above issues but a directed verdict was granted to Transamerica dismissing the complaint as to it. The jury awarded the Mitchells $90,854.62 compensatory damages and punitive damages in the amount of $15,000.00 against Carr.

■ At the outset we can properly observe that Carr was guilty of malpractice and this was conceded by all concerned. Carr let the Kentucky Statute run and was apparently unaware that an action could have been brought in the Federal District Court for Southern Indiana. The attempt to settle the Mitchells' claim for $20,000.00 with Transamerica was a case of bad judgment to say the least. Carr's failure to promptly advise his clients of the running of the Kentucky Statute was improper.

Having said all of this, however, this court cannot see where the Mitchells proved their damages. The Delaware Supreme Court stated the problem here thusly:

We may assume malpractice on the part of the defendants but every malpractice action does not carry with it a right to monetary judgment. It is the law that a malpractice action against an attorney cannot be established in the absence of a showing that his wrongful conduct has deprived his client of something to which he would otherwise have been entitled. *Thompson v. D'Angelo*, 320 A.2d 729 (Del. Super.1974).

The Mitchells argue that they could have received more damages if the case had been tried in Kentucky. However, the evidence, in our opinion, on this point is a matter of conjecture and speculation. It may have been a different case if the Mitchells had tried their case in Indiana and had come away with patently inadequate damages. The fact is that they settled their case for $60,000.00. There is no way of knowing what a jury across the Ohio river from Louisville, Kentucky would have done if it had actually tried this case.

It seems to us that the Mitchells' argument as to damages is an exercise in the pyramiding of an inference upon an inference. Trying to predict what a jury might do at any given time or place is hazardous and is one of the vagaries of life.

Moreover, it was not the function of the trial court to punish Carr. His misconduct will be judged in another forum. *Taylor v. Hayes*, Ky., 494 S.W.2d 737 (1973).

The Mitchells had their case before a forum of competent jurisdiction and received a substantial settlement. No one can determine with any accuracy whether or not they should have tried their case before the Indiana jury. They might have recovered more or less than the settlement figure. We are certain, however, that the damages assessed in the case before us were based upon uncertainties and speculation requiring that the verdict and judgment be set aside and that a judgment be entered dismissing the complaint against Carr in conformity with his motion for judgment N.O.V.

For the foregoing reasons, we find that the trial court was correct in directing a verdict for Transamerica and that part of the judgment is affirmed.

Therefore, it is ordered that this case be and is reversed in part and affirmed in part.

All concur.