57879. SIGNAL KNITTING MILLS, INC. v. ROOZEN.

UNDERWOOD, Judge.

This is a suit for damages founded upon defendant notary's attestation of a forged signature on a guaranty agreement which plaintiff had relied upon in extending credit. The trial court granted defendant's motion to dismiss for failure to state a claim upon which relief can be granted as provided for by CPA § 12 (b) (6) (Code Ann. § 81A-112 (b) (6)). Although the grounds of decision are not stated in the order of the trial court in this court defendant, seeking to neutralize the complaint's allegation that the damages proximately resulted from his "intentional wrongful act," contends that the fraud is not stated with particularity as required by CPA § 9 (b) (Code Ann. § 81A-109 (b)), that only the one who employs a notary has standing to complain of a breach of his duty, and that there is no evidence of record to support the allegations of wrongdoing. We reverse.

1. Although fraud is required to be pleaded with particularity (Code Ann. § 81A-109(b)), the failure to do so renders the complaint vulnerable to motion for more definite statement pursuant to CPA § 12 (e) (Code Ann. § 81A-112 (e)), but not, as an initial matter, to a Section 12 (b) (6) motion to dismiss. *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974); *Canal Ins. Co. v. Cambron,* 240 Ga. 708, 711 (2) (242 SE2d 32) (1978).

2. Defendant cites no authority, and we know of none, which supports the view that a notary who breaches his duty can be held liable only to the one who employs him. While we need not here determine the outer reaches of responsibility (see 1 AmJur2d 530, Acknowledgements, § 124), we have no hesitancy in holding that liability clearly extends to the creditor named in the guaranty who was induced to extend credit in reliance upon the guaranty and its attestation.

3. Whether or not plaintiff has produced papers in support of the allegations of the complaint is irrelevant since this is a decision of a Section 12 (b) (6) motion (Code Ann. § 81A-112 (b) (6)), the court did not consider matters outside the pleadings so as to convert the motion to one for summary judgment (CPA § 12 (b); Code Ann. § 81A-112 (b)), and indeed could not have done so without affording plaintiff 30-day notice as required by statute. *Atlanta Associates v. Westminster Properties,* 242 Ga. 462 (249 SE2d 252) (1978).

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED MAY 3, 1979 — DECIDED JULY 3, 1979.

*Cotton, Katz, White & Palmer, J. Timothy White, Kenneth T. Gartlir,* for appellant.

*Michael N. Mantegna, Joseph A. Tarantino,* for appellee.