A93A1621. THOMAS v. WHITE et al.
(438 SE2d 366)

BIRDSONG, Presiding Judge.

Jacqueline Thomas appeals the grant of partial summary judgment to the defendants on the issue of punitive damages in her legal malpractice action against Fred White, Alan Bates, and Alexander Repasky, individually, and their law firm, Repasky & Bates, attorneys at law. Thomas' claims against those defendants arose from her representation by Bates and Repasky after she was injured when her car, while stopped at a traffic light, was struck from the rear by a large truck with Budweiser signs on the side. That truck was apparently owned by Atlanta Beverage Company. Although the case was initially handled by another attorney in the firm, White was later given responsibility for appellant's case.

After suit was filed against Atlanta Beverage Company and its driver, it was dismissed and then refiled. Subsequently, under the local rules of court, the case was referred for arbitration. Because service of process was not perfected against the driver, only Thomas and Atlanta Beverage Company participated in the hearing. After the

hearing, the arbitrators recommended a defendant's verdict because Thomas did not prove that Atlanta Beverage Company owned the truck.

Although the local rules required that a demand for jury trial be filed within 30 days of the recommended result to continue the case, no demand was filed and appellees admit that the failure was their responsibility. Subsequently, upon Atlanta Beverage's motion, Thomas' case was dismissed.

Thereafter, Thomas filed this action seeking damages from appellees for their professional negligence and also seeking punitive damages for fraud under OCGA § 51-12-5.1. Thomas alleged that appellees, through their failure to communicate with her and their false statements, wilfully and intentionally concealed from her that her claim was dismissed as a direct and proximate result of appellees' negligence. According to Thomas' allegations, White misrepresented to her the status of her case, refused to communicate with her, and ultimately told her that the case had not been lost and he was working on it.

Thereafter, appellees moved for partial summary judgment on the issue of punitive damages. They contended that at best Thomas had alleged a claim for their negligence in failing to file the demand for trial and that negligence, without culpable conduct, does not authorize imposition of punitive damages. See, e.g., *Morales v. Webb*, 200 Ga. App. 788, 790 (409 SE2d 572). Moreover, they contended that Thomas' deposition testimony showed she had no claim for fraud or concealment. The trial court granted the motion and this appeal followed. In three enumerations of error, Thomas asserts that the evidence showed that a genuine issue of material fact existed on whether punitive damages would be authorized because of appellees' fraud. *Held*:

Although appellees correctly assert that negligence alone, even gross negligence, will not support the imposition of punitive damages (*Morales v. Webb*, supra), Thomas is not seeking punitive damages because of appellees' negligence in failing to file the demand for jury trial. Instead, the record shows that Thomas sought punitive damages because of appellees' wilful and intentional concealment of the fact that her case was lost through their negligence, because of their wilful, knowing, and intentional false statements that it was her fault the demand for trial was not filed since she did not tell them to file the demand, and because of their intentional, wilful, knowing, and fraudulent refusal to communicate with her about her case after the demand for trial was not filed and the case was lost. As these allegations, if proven, will support an award of punitive damages, appellees' contention that Thomas' complaint would not authorize the award of punitive damages is without merit. *Holmes v. Drucker*, 201 Ga. App.

687, 688 (411 SE2d 728); *Arnall, Golden & Gregory v. Health Svc. Centers*, 197 Ga. App. 791, 792-793 (399 SE2d 565).

Moreover, the evidence shows that genuine issues of material fact exist on whether appellees fraudulently concealed their failure to file the demand for jury trial. In her deposition, Thomas testified that after the arbitration hearing White did not tell her that the arbitration panel had recommended against her or explain the need for a timely demand for jury trial. Instead, White told her Atlanta Beverage had offered to settle her case for $30,000, that she should think about it, and that he would get in touch with her. She testified further that after she did not hear from him for almost two months, she repeatedly attempted to contact White over a period of weeks, but he would not speak with her and would not return her calls. During this period, Thomas first learned from White's secretary that Thomas' case had been lost because the demand for jury trial was not filed. Finally, after Thomas threatened to bring another attorney into the case, White spoke with her and said that he had told her she had lost her case. Thomas further testified that when Thomas disputed this and protested that White was supposed to keep her informed about the case, White said, "Well, Jackie, you lost the case." According to Thomas, as White then began using big words she did not understand and she stated she would hire another attorney, White told her not to do that and he would call her later. Thomas further testified that White called her back and told her, "Jackie, you haven't lost the case. Repasky and I, we're working on it and I'll call you back." According to Thomas, however, White never called back.

Thomas also testified that White's secretary told her that her case was dismissed. Although appellees dispute Thomas' contentions, we find that her testimony is sufficient to present a jury issue on whether appellees were fraudulently concealing from Thomas, by refusing to communicate with her and misstatements of the facts, that they had caused her case to be dismissed because they had failed to file the jury trial demand. Moreover, even without the evidence of the misstatements of fact, because of the attorney-client relationship between these parties, appellees' failure to communicate with Thomas about the status of her case, under the circumstances here, could be sufficient to constitute fraud. See *Arnall, Golden & Gregory v. Health Svc. Centers*, supra at 793. Further, other facts in the record support Thomas' contention that appellees were intentionally concealing their responsibility for the loss of her case. For example, White's response to Thomas' bar complaint contended that she was responsible for not telling him to file the demand for jury trial, but in an earlier letter to his malpractice insurance carrier, he placed the blame on his secretary for not filing the demand after he had instructed her to do so. In the deposition White's secretary, however, denied that any such in-

structions had been given.

Finally, we do not find that Thomas' inability to recite at her deposition the facts and theories necessary to support an award of punitive damages to be dispositive of this issue. Under the evidence of record, the trial court erred by finding no genuine issue of material fact remained for trial. *Holmes v. Drucker*, supra; *Arnall, Golden & Gregory v. Health Svc. Centers*, supra. Accordingly, the trial court's grant of summary judgment on this issue must be reversed.

*Judgment reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED OCTOBER 25, 1993 —
RECONSIDERATION DENIED NOVEMBER 29, 1993 — ▮▮▮▮▮

*Dover & Sexton, Jeffrey H. Dover, Jonathan P. Sexton*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Dennis J. Webb, Edward A. Miller*, for appellees.