### S94G0476. TANTE v. HERRING et al.
#### (453 SE2d 686)

Hunt, Chief Justice.

We granted certiorari to the Court of Appeals in *Tante v. Herring,* 211 Ga. App. 322 (439 SE2d 5) (1993) to determine whether the Court of Appeals was correct in upholding Laura and Bobby Herring's claims against their former attorney, Thomas Edward Tante IV. We affirm in part and reverse in part.

The Herrings retained Tante to pursue a claim for social security disability benefits for Mrs. Herring before the Social Security Administration. During his representation of Mrs. Herring, Tante appeared with her at a hearing before an administrative law judge and wrote a letter brief on her behalf. Thereafter, the administrative law judge issued a favorable award to Mrs. Herring. Tante's subsequent request for attorney fees for his work in representing Mrs. Herring, which request had been approved by both the Herrings, was approved by the administrative law judge.

The issues underlying this appeal involve the Herrings' action against Tante for legal malpractice, breach of fiduciary duty and breach of contract, all pertaining to Tante's adulterous relationship with Mrs. Herring during the period in which he was pursuing the disability claim on her behalf. The Herrings allege that Tante caused physical and mental harm to Mrs. Herring by taking advantage of confidential information regarding her emotional and mental condition to convince her to have an affair with him. The Herrings also allege Tante violated rules and standards of the State Bar of Georgia, violated his fiduciary duty, and breached his contract with the Herrings. The trial court granted partial summary judgment to the Herrings on the question of Tante's liability and denied summary judgment to Tante. The Court of Appeals affirmed.

1. The Court of Appeals correctly pointed out that the elements of an action for legal malpractice consist of employment of an attorney; failure of the attorney to exercise ordinary care, skill and diligence; and damages proximately caused by that failure. *Tante v. Herring,* supra at 324 (2). See generally Adams & Adams, Ga. Law of Torts, § 5-3 (1989). This is simply a corollary of the traditional formula for the elements necessary to a cause of action in tort: duty, breach (failure to conform to the required standard) and damage proximately caused by the breach. Prosser & Keeton, The Law of

Torts, § 30 (5th ed. 1984). It is axiomatic that the element of *breach* of duty in a legal malpractice case — the failure to exercise ordinary care, skill, and diligence — must relate directly to the *duty* of the attorney, that is, the duty to perform the task for which he was employed. Of course, in an action for legal malpractice, the plaintiff must file with the complaint an expert's affidavit setting forth at least one negligent act constituting the alleged breach of duty and the factual basis for each claim of negligence. OCGA § 9-11-9.1 (a). See *Lutz v. Foran*, 262 Ga. 819 (1) (427 SE2d 248) (1993); *Housing Auth. of Savannah v. Greene*, 259 Ga. 435, 436 (1) (383 SE2d 867) (1989). Although the Herrings did attach an expert's affidavit to their complaint, the expert did not set forth a negligent act which would constitute the basis for a claim of legal malpractice.

There is no evidence that Tante's conduct of which the Herrings complain had any effect on his performance of legal services under his agreement with the Herrings. Indeed, Tante obtained for Mrs. Herring precisely the results for which he was retained, the recovery of social security disability benefits.[1] Contrary to the holding of the Court of Appeals, 211 Ga. App. 324 (2), a satisfactory result under an agreement for legal services by necessity precludes a claim for legal malpractice. Accordingly, the Court of Appeals erred in affirming the trial court's grant of summary judgment to the Herrings on their claim against Tante for legal malpractice.[2]

2. However, we agree with the Court of Appeals, 211 Ga. App. at 327 (3), that the Herrings have a claim against Tante for damages for breach of fiduciary duty.[3] That claim is not one for professional malpractice based on negligence involving Tante's performance of legal services, and, therefore, no expert affidavit is required in support of it. The fiduciary duty in this context arises from the attorney-client relationship. Tante was a fiduciary with regard to the confidential information provided him by his client just as he would have been a fiduciary with regard to money or other property entrusted to him by a client.[4] Thus, the Herrings' claim is based on Tante's alleged mis-

---

[1] It is conceivable that Tante's improper conduct might have affected his performance of legal services in another context, e.g., had he been retained to represent Mrs. Herring in a divorce or child custody action. See Livingston, Margit, When Libido Subverts Credo: Regulation of Attorney-Client Sexual Relations, 62 Fordham L. Rev. at 5, 16-17 (1993).

[2] Likewise, while not addressed by the Court of Appeals, there is no basis for the Herrings' claim for breach of contract.

[3] Mr. Herring's claims for damages other than professional malpractice do not necessarily depend on whether or not he was Tante's client. We did not grant the writ of certiorari on the issue of whether Mr. Herring was Tante's client, 211 Ga. App. 323 (1), and do not reach it here.

[4] Whether and to what extent a lawyer has a fiduciary duty to a client depends on the facts in each case. Here, however, there is no question that the confidential information shared with Tante arose out of the attorney-client relationship and that Tante was a fiduci-

use, to his own advantage, of confidential information in medical and psychological reports concerning Mrs. Herring obtained in and solely because of Tante's representation of her.[5] Tante did not controvert the allegations that he took advantage of information contained in Mrs. Herring's confidential medical and psychological reports about her impaired emotional and mental condition, that Tante took advantage of that condition, convincing her to have an affair with him, resulting in physical and mental harm to the Herrings. Id. 211 Ga. App. at 323.[6] The Court of Appeals correctly noted that, as a fiduciary with regard to information shared with him by his client, Tante owed his client the utmost good faith and loyalty. See *Summerlin v. Johnson*, 176 Ga. App. 336, 339 (1) (335 SE2d 879) (1985). By using information available to him solely because of the attorney client relationship to his advantage and to the Herrings' disadvantage, he breached that fiduciary duty. Accordingly, the Herrings may pursue their claim for damages resulting from that breach. See *Koch v. Cochran*, 251 Ga. 559, 560 (307 SE2d 918) (1983).[7]

*Judgment affirmed in part and reversed in part. All the Justices concur. Hunstein, J., disqualified.*

DECIDED OCTOBER 31, 1994 —
RECONSIDERATION DENIED DECEMBER 2, 1994.

*Denney, Pease, Allison, Kirk & Lomax, John W. Denney,* for appellant.

---

ary with respect to that information.

[5] See Canon 4 of the Code of Professional Responsibility; DR 4-401 (B) (3). This violation of the Code, does not, in and of itself, provide a private cause of action for damages. *Davis v. Findley*, 262 Ga. 612 (422 SE2d 859) (1992). Rather, the breach of fiduciary duty in this case, which, incidentally, constitutes a violation of the Code of Professional Responsibility, along with a claim of resulting damages, supports the claim for breach of fiduciary duty in this action. That claim does not depend on any violation of the Code of Professional Responsibility, and we do not here decide whether evidence of a violation of the disciplinary rules is relevant in a claim against a lawyer for legal malpractice or breach of fiduciary duty. Of course, the violation of the Code subjects Tante to disciplinary action. See *Davis v. Findley*, supra; *In the Matter of T. Edward Tante IV*, 264 Ga. 692 (453 SE2d 688) (1994).

[6] While ordinarily there would be questions of fact regarding liability, in this instance we are constrained to find that there are none because of Tante's failure to respond to the affidavits and other evidence submitted with the Herrings' motion for summary judgment. See 211 Ga. App. at 323.

[7] Mrs. Herring, or both Mr. and Mrs. Herring, also may have a claim against Tante for some other tort, e.g., assault or battery, OCGA § 51-1-14, intentional infliction of emotional distress, or negligent transmission of an infectious disease (based on the Herrings' allegation that Tante infected Mrs. Herring with venereal disease which she then unknowingly transmitted to Mr. Herring), see *Long v. Adams*, 175 Ga. App. 538, 539-540 (2) (333 SE2d 852) (1985).

*Beltran & Associates, Frank J. Beltran, Simone R. Siex,* for appellees.