A96A0433. HOUSTON v. SURRETT et al.
(474 SE2d 39)

POPE, Presiding Judge.

Dr. Houston sued Surrett[1] for legal malpractice, but the trial court granted the attorney summary judgment. Because this case involves no intentional wrongdoing, and because Houston cannot establish a causal relationship between Surrett's negligence and any injury, we affirm the trial court's ruling.

Houston divorced his wife, Tina Brown, in Columbia County Superior Court in 1987. The divorce decree, as later modified by that same court, gave the parties joint legal custody of their three children but granted Houston primary physical custody. Houston later moved to Thomas County in southwest Georgia, while Brown contin-

---

[1] Although Surrett's partners and former partners are also named as defendants, Dr. Houston charges them only with vicarious liability for Surrett's actions.

ued to live in Columbia County. In 1992, dissatisfied with existing arrangements, Houston retained Surrett to file in Columbia County an action against Brown to modify visitation. Brown answered that suit and counterclaimed for additional visitation "and/or" custody. The trial court, after interviewing the children and finding a material change in circumstances, awarded custody of the two younger children to Brown.

Houston's suit alleges Surrett should have moved to dismiss Brown's counterclaim. OCGA § 19-9-23 (a), he argues, required Brown to file any custody claim as a separate action in Houston's home county, Thomas; therefore, venue of Brown's custody action was improper in Columbia County. Through new counsel, Houston did file a motion to dismiss the counterclaim for lack of venue before the trial court rendered its final order modifying custody. But the trial court denied the motion, and on appeal we determined that Houston waived any venue defense by failing to raise it early in the litigation. *Houston v. Brown*, 212 Ga. App. 834 (443 SE2d 3) (1994).[2]

In this malpractice action, Houston claimed as damages the loss of his children's companionship; increased child support payments ordered in the underlying action; additional attorney fees incurred unnecessarily in Columbia County, including the costs of appealing the trial court's refusal to dismiss the counterclaim for lack of venue; emotional damages; punitive damages; and attorney fees and expenses of litigation pursuant to OCGA § 13-6-11.

1. This case does not present a jury question regarding any intentional wrongdoing or any tort involving "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences" which might allow punitive damages. OCGA § 51-12-5.1 (b); *Powell v. Ferreira*, 198 Ga. App. 465 (402 SE2d 85) (1991). Surrett testified his failure to raise the venue defense resulted from oversight. Houston produced no evidence contradicting his attorney's plea of inadvertence. While an attorney's concealment and misrepresentation of matters affecting his client's case will give rise to a claim for punitive damages, Houston produced no such evidence. Cf. *Peters v. Hyatt Legal Svcs.*, 211 Ga. App. 587, 593 (3) (440 SE2d 222) (1993); *Thomas v. White*, 211 Ga. App. 140, 141-142 (438 SE2d 366) (1993); and *Holmes v. Drucker*, 201 Ga. App. 687, 688 (411 SE2d 728) (1991), all of which involved evidence of actual concealment and misrepresentation. Law is, at best, an inexact science, *Jones, Day &c. v. American Envirecycle*, 217 Ga. App. 80, 83 (2) (456 SE2d 264) (1995), and

---

[2] Contrary to Houston's argument here, we did not hold in our prior decision that he waived any *jurisdictional* defenses. Furthermore, in that case we made no ruling on the merits of any venue defense.

no evidence here shows Surrett's failure to raise the defense could be anything more than gross negligence.

2. The trial court properly granted summary judgment because it found Houston unable to establish that Surrett's failure to raise a venue defense proximately caused him any injury. A client suing his attorney must show the attorney's negligence and must show that negligence proximately caused the client harm. *Jaraysi v. Soloway*, 215 Ga. App. 531, 532 (1) (451 SE2d 521) (1994). "A claim for legal malpractice is sui generis insofar as the plaintiff's proof of damages effectively requires proof that he would have prevailed in the original litigation." (Citation and punctuation omitted.) *Nix v. Crews*, 200 Ga. App. 58, 59 (2) (406 SE2d 566) (1991). A defendant in a legal malpractice case is entitled to summary judgment only if he shows "that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of [the] plaintiff's case. [Cit.]" (Punctuation omitted.) *Huntington v. Fishman*, 212 Ga. App. 27, 29 (441 SE2d 444) (1994).

We need not decide whether Surrett was negligent and whether Houston can quantify any damages. Houston's case fails because he cannot show a causal link between his attorney's failure to raise the venue defense and any injury suffered. Houston must show that, but for the error, the outcome *would have* been different; any lesser requirement would invite speculation and conjecture. *Hunt v. Tomlinson*, 799 F2d 712, 714 (11th Cir. 1986) (applying Georgia law). Brown testified that, had Surrett objected to venue of the counterclaim, she would have filed a separate action for change of custody in Thomas County. The trial court might also have severed the counterclaim from Houston's action and transferred it to Thomas County. OCGA § 9-11-42 (b); *Bennett v. Wood*, 188 Ga. App. 630, 632 (1) (373 SE2d 645) (1988); see *McCabe v. Lundell*, 199 Ga. App. 639, 640 (1) (405 SE2d 693) (1991); *McCormick v. Rissanen*, 177 Ga. App. 623 (340 SE2d 268) (1986). The record shows nothing prevented Brown from litigating custody in Thomas County, and decrees ordering custody and child support are subject to modification for changed circumstances.[3] OCGA § 19-9-1 (b). Under these circumstances Houston cannot show that, had the case been litigated in Thomas County instead of Columbia County, he would have suffered none of the "injuries" and incurred none of the damages he claims. See *Peters*, 211 Ga. App. at 589-590 (1).

To recover from his attorney Houston would have to show, at a

---

[3] In fact, it appears from the record that when Houston gave his deposition in this case in March 1995, he and his former wife were again litigating the child custody issue, this time in Thomas County.

minimum, that he would have fared better if the parties had litigated Brown's counterclaim in Thomas County. But in either court, the issue of custody would have been determined on the basis of the children's best interests. OCGA § 19-9-3 (a) (1991). Houston has not shown he could produce evidence at a Thomas County hearing different from that heard by the Columbia County court. See, e.g., OCGA § 24-10-21 (subpoena power extends throughout state). Thus, to recover he must show that a different judge hearing the same evidence would have acted differently.

Houston's experts testified that a Thomas County judge would "never" have given Brown custody of the children. But those predictions, while based on professional experience, are nothing more than educated guesses. Because all trial judges in this state are "presumed to know the law and presumed to faithfully and lawfully perform the duties devolving upon [them] by law" (citations and punctuation omitted) *In the Interest of A. L. L.*, 211 Ga. App. 767, 770 (5) (440 SE2d 517) (1994), we must also presume that judges in both Thomas and Columbia counties would decide this case based on the evidence presented and would not be influenced by any local bias. We may therefore presume that, hearing the same evidence, each judge would have reached the same result.

Although no Georgia court has decided a legal malpractice case stemming from an attorney's failure to object to venue, numerous authorities state such claims call for "sheer speculation." Mallen & Smith, Legal Malpractice, § 24.24, p. 505 (3rd ed. 1989). See also *McLeod v. Fechtel*, 821 F2d 1388, 1389 (9th Cir. 1987) (in divorce case, no way to determine a reasonable judge would not have divided community property any differently); *Woodruff v. Tomlin*, 423 FSupp. 1284, 1287 (W.D. Tenn. 1976) ("speculation" to say federal jury would have rendered verdict different from state jury), aff'd on other grounds, 616 F2d 924 (6th Cir. 1980) (en banc); *Mitchell v. Transamerica Ins. Co.*, 551 SW2d 586, 588 (Ky. App. 1977) (no way to find that a state court jury would have decided the case any differently than would a federal court jury); *Parksville Mobile Modular v. Fabricant*, 422 NYS2d 710, 716 (1979) (same).

In the typical legal malpractice case centering on an attorney's negligence in prosecuting or defending prior litigation, the law assumes that one reasonable jury can determine what the reasonable factfinder in the prior litigation would have done but for the attorney's error. *Chocktoot v. Smith*, 571 P2d 1255, 1258 (Or. 1977). As the Oregon Supreme Court pointed out in *Chocktoot*, the malpractice factfinder determining what "would have" happened in the original action actually substitutes its judgment for that of the factfinder in the original action. Resolution of such an issue does not center around what a *hypothetical* factfinder would have done. See

*Chocktoot,* 571 P2d at 1257. In a venue case such as this, the disappointed client asks the factfinder to determine that a hypothetical factfinder in the original litigation would have been biased, and then asks the reasonable jury to determine what result that biased factfinder would have reached. Such a request calls for pure conjecture.

To claim "unnecessary" or remedial attorney fees, likewise, Houston would have to reasonably show the amount of those fees proximately caused by Surrett's negligence. *Tante v. Herring,* 264 Ga. 694 (1) (453 SE2d 686) (1994). It is true that, had Surrett raised the venue defense, the issues raised in the counterclaim would not have been litigated *in Columbia County.* But to say Houston would have incurred no additional attorney fees because these issues would not have been litigated calls for pure speculation. The trial court could have transferred the counterclaim to Thomas County, causing Houston to incur fees there, or Ms. Brown could have refiled her action in Thomas County, resulting in additional fees. To remove the issue of additional fees from the realm of speculation, we must be able to say that raising the defense would have ended any court's consideration of the issues raised in the counterclaim; this we cannot do. And because we cannot say a different court would have resolved this issue differently, we cannot say with any reasonable certainty that attorney fees spent to "remedy" the trial court's ruling were reasonable or necessary.

3. Because Houston cannot show that Surrett's efforts were in vain or that any inaction on the attorney's part deprived him of a better outcome, he is entitled to no damages, and we need not consider his enumerations of error concerning those damages.

*Judgment affirmed. Beasley, C. J., McMurray, P. J., Andrews and Ruffin, JJ., concur. Birdsong, P. J., Johnson, Blackburn and Smith, JJ., concur in part and dissent in part.*

SMITH, Judge, concurring in part and dissenting in part.

1. I respectfully dissent with respect to Division 2 of the majority opinion. Under established case law, the elements of a cause of action for legal malpractice are employment of an attorney, failure of the attorney to exercise ordinary care, skill, and diligence, and damages proximately caused by that failure. *Tante v. Herring,* 264 Ga. 694 (1) (453 SE2d 686) (1994). The first two elements are established beyond question in this case.

In my view, the majority misapplies the third element necessary to support a cause of action for legal malpractice by focusing on the outcome of a custody modification action in Thomas County — an action that never took place. Because it must be presumed that the result of such an action would have been identical to that obtained in

Columbia County, the majority takes the position that Houston is unable to show he suffered damages attributable to Surrett's admitted malpractice.

That hypothetical action, however, is not the proper focus for determining whether Houston met his burden of showing the elements of a cause of action for legal malpractice against Surrett. It is true that "[a] claim for legal malpractice is sui generis insofar as the plaintiff's proof of damages effectively requires proof that he would have prevailed in the original litigation." (Citation and punctuation omitted.) *Nix v. Crews*, 200 Ga. App. 58, 59 (2) (406 SE2d 566) (1991). This does not mean, however, that we must resort to speculation regarding the possible result of litigation that *never took place*. The "original action" in this case is the Columbia County litigation, including Brown's counterclaim, and it is to that litigation that we must apply the third element of the test.

Applying the third prong of the test, I have no difficulty in determining that Houston could and did demonstrate damage caused by Surrett's negligence. It is black-letter law in this state that a petition for change of child custody must be brought "as a separate action in the county of residence of the legal custodian of the child." OCGA § 19-9-23 (a). No question exists, therefore, that Brown's "counterclaim" for change of custody was completely improper, both because it was not brought as a separate action and because venue did not lie in Columbia County.

Had Surrett raised Houston's valid venue defense to this counterclaim, the Columbia County child custody litigation would have *ceased to exist*: it would have been either dismissed or transferred. Its continuation in Columbia County was caused by Surrett's malpractice; its continuation in Columbia County directly damaged Houston in several ways, at least some of which are clearly discernible and unrelated to any hypothetical litigation in Thomas County. The majority mentions at least one of these: additional attorney fees incurred unnecessarily in Columbia County, including the costs of appealing the trial court's refusal to dismiss the counterclaim for lack of venue.

Our law does not and should not condone an attorney's malpractice. This Court pronounces otherwise when it deprives Houston of a cause of action rightfully his and allows Surrett to escape the direct consequences of his negligence, at least for the expenses of remedial litigation caused by Surrett's malpractice. I would hold that summary judgment as to liability should not have been granted to Surrett in this case.

2. I concur in Division 1 of the majority opinion because I agree that no punitive damages were recoverable.

I am authorized to state that Presiding Judge Birdsong, Judge

Johnson and Judge Blackburn join in this opinion.

DECIDED JUNE 20, 1996 —
RECONSIDERATION DENIED JULY 11, 1996 — 

*Tony Center*, for appellant.
*Freeman & Hawkins, Howell Hollis III, Christine L. Mast, Steven J. Misner*, for appellees.