IN THE SUPREME COURT OF TENNESSEE
AT JACKSON

**FOR PUBLICATION**

**Filed:   June 22, 1998**

BILLIE J. METCALFE,                          )
JULIA M. METCALFE, and                 )
JOHNNY D. METCALFE,                   )          SHELBY CIRCUIT
                                                         )
          Plaintiffs/Appellants,              )
                                                         )
Vs.                                                    )
                                                         )
                                                         )          HON. J. STEVEN STAFFORD,
                                                         )                JUDGE
                                                         )
LARRY J. WATERS,                            )
                                                         )
          Defendant,                             )
                                                         )
and                                                   )
                                                         )
CHARLES W. PRUITT,                        )
                                                         )          No.  02S01-9704-CV-00027
          Defendant/Appellee.              )

FILED

**June 22, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**For Appellants Metcalfe:**
R. Sadler Bailey
C. Philip M. Campbell
BAILEY & CLARKE
Memphis, Tennessee

**For Appellee, Charles W. Pruitt:**
Robert C. Rosenbush
Millington, Tennessee

**For Defendant, Larry J. Waters:**
Paul E. Lewis
Millington, Tennessee

# O P I N I O N

COURT OF APPEALS AFFIRMED
IN PART AND REVERSED IN PART;
REMANDED TO TRIAL COURT                          ANDERSON, C.J.

We granted this appeal to determine whether the Court of Appeals erred in reversing the jury's verdict awarding punitive damages in this legal malpractice action. The appeals court held that punitive damages were improper because the defendant's malpractice did not constitute intentional, fraudulent, malicious or reckless conduct and because the defendant's efforts to conceal his actions were not contemporaneous with his malpractice. The court affirmed the jury's verdict as to liability, but reversed the jury's verdict as to compensatory damages because it was excessive.

After our review of the record and applicable authority, we hold that as to punitive damages, the evidence supported a finding that the defendant engaged in intentional, fraudulent, malicious, or reckless conduct and that there is no requirement that a defendant's attempts to lie about or conceal his conduct must be contemporaneous with the underlying malpractice. The judgment of the Court of Appeals is therefore reversed in part and the jury's verdict as to punitive damages is reinstated. The case is remanded to the trial court for a new trial solely on the issue of compensatory damages for the reasons expressed by the Court of Appeals.

## BACKGROUND

In September of 1986, the plaintiff, Billie Metcalfe, was a passenger in a car that was involved in a head-on collision with another automobile. Metcalfe, who was age 16 at the time, suffered a broken leg, a concussion, facial cuts, and had to have a pin surgically placed in her hip. She spent thirteen days in the hospital.

The plaintiff and her parents, Julia and Johnny Metcalfe, later hired the defendant, Larry Waters, to represent them in connection with the accident. In September of 1987, Waters filed a complaint against the driver of the vehicle Billie Metcalfe had been riding in, the driver's parents, and several other defendants.

The complaint was non-suited by Waters on March 15, 1990, because Waters was not prepared on the day of trial. The complaint was re-filed on March 6, 1991; however, Waters did not pay the filing fee, nor did he properly issue summons.

The complaint was dismissed by the trial court against some of the defendants in December of 1992, due to the expiration of the statute of limitations. It was dismissed as to the remaining defendants on May 14, 1993, when Waters failed to appear for the trial. Waters lied to the plaintiffs about the status of the case for several months, telling them that it was still pending even though he knew it had been dismissed. When he finally informed the Metcalfes that the case had been dismissed, he did not state the reason for the dismissal but nevertheless told them it was not worth appealing.

The Metcalfes initiated a legal malpractice suit against Waters.[1] In his amended answer to the complaint and in his testimony, Waters admitted that he failed to apprise the plaintiffs of the status of their case, failed to adequately prepare for trial, failed to refile the suit properly after taking a non-suit, failed to file summons properly, failed to appear the second time the case was set for trial, and failed to file a notice of appeal on behalf of the plaintiffs. Waters conceded that his failure to inform the plaintiffs that the case had been dismissed was an intentional, fraudulent, malicious, or reckless effort to conceal his mistakes. He nonetheless denied that punitive damages were warranted.

At trial, the trial court directed a verdict for the plaintiffs on liability. The jury, having been instructed on the law, returned a verdict that included $100,000 in punitive damages against Waters. In approving the verdict, the trial court found

---

[1] The complaint also named Charles Pruitt and the law office of Pruitt & Waters as defendants based on theories of respondeat superior and partnership liability. The jury found that Pruitt and Waters were partners and that both were jointly and severally liable for the compensatory damages. These issues are not before us in this appeal.

that "the conduct of the defendant Waters in not keeping the plaintiffs informed about the status of their case and of lying to the plaintiffs about the dismissal is the gravamen of the punitive damage award." The trial court also stressed that Waters "did not take any action to set aside the dismissal of the case or to protect his clients' interests after the case was dismissed."

In reversing the trial court, the Court of Appeals found that Waters' malpractice amounted to negligent conduct and not intentional, fraudulent, malicious or reckless conduct. Although the intermediate court also found that the defendant's effort to conceal his malpractice was "egregious," it could not serve as the basis for punitive damages:

> [A]n award of punitive damages must be made on the basis of the same conduct that warrants an award of compensatory damages. In the case before us, compensatory damages were awarded for the negligent conduct of Waters in allowing the dismissal of the underlying case. Subsequent to this negligent conduct, Waters committed the egregious act of lying to the Metcalfes about the dismissal of the case. Certainly, his conduct after the dismissal of the case cannot be condoned, but at the same time it is conduct that was not included in the negligent act or acts that resulted in the award of compensatory damages.

We granted the plaintiffs' application for permission to appeal.

## ANALYSIS

This Court historically has recognized that "in an action of trespass the jury [is] not restrained, in their assessment of damages, to the amount of the mere pecuniary loss sustained by the plaintiff, but may award damages in respect of the malicious conduct of the defendant, and the degree of insult with which the trespass had been attended." Wilkins v. Gilmore, 21 Tenn. 140 (1840)(emphasis added). The purpose of such damages is not to compensate the plaintiff but to punish the wrongdoer for conduct that is egregious and to deter others from

–4–

engaging in similar conduct. Huckeby v. Spangler, 563 S.W.2d 555, 558 (Tenn. 1978).

In Hodges v. S. C. Toof & Co., 833 S.W.2d 896 (Tenn. 1992), we traced the history of our case law and determined that punitive damages are only available where a defendant has acted either intentionally, fraudulently, maliciously or recklessly. We explained:

> A person acts intentionally when it is the person's conscious objective or desire to engage in the conduct or cause the result. A person acts fraudulently when (1) the person intentionally misrepresents an existing, material fact or produces a false impression, in order to mislead another or to obtain an undue advantage, and (2) another is injured because of reasonable reliance upon that representation. A person acts maliciously when the person is motivated by ill will, hatred, or personal spite. A person acts recklessly when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances.

Id. at 901 (citations omitted).

To achieve the twin purposes of punishment and deterrence, the defendant's conduct must be established by "clear and convincing" evidence. In determining liability for punitive damages, evidence of the defendant's financial condition is inadmissible. Id. In determining the amount of punitive damages, the following factors may be considered in a separate, bifurcated proceeding: the defendant's financial condition and net worth; the nature and reprehensibility of the defendant's conduct; the impact of the defendant's conduct on the plaintiff; the relationship of the defendant to the plaintiff; the defendant's awareness of the harm and motivation in causing the harm; the duration of the defendant's misconduct and whether the defendant attempted to conceal the conduct; the expense the plaintiff has incurred in recovering any losses; whether the defendant

profited from the conduct, and if so, whether damages in excess of the profit are necessary to deter future conduct; whether the defendant has been subjected to previous punitive damage awards based upon the same wrongful act; and whether the defendant made any effort to take remedial action or to offer a fair and prompt settlement for the actual harm caused. Id. at 901-902 (emphasis added).

In the present case, the Court of Appeals reversed the jury's award of punitive damages, finding that Waters' malpractice amounted to negligence and not intentional, fraudulent, malicious, or reckless conduct. The court further stated that Waters' conduct in concealing and lying about his malpractice, although "egregious," was not contemporaneous with the underlying malpractice and was therefore, under Hodges, relevant only to the amount of, but not the liability for, punitive damages. We disagree with both conclusions.

A majority of jurisdictions have recognized that punitive damages may be proper in a legal malpractice case. Annotation, Allowance of Punitive Damages Against Attorney For Malpractice, 13 A.L.R. 4th 95 (1982 & Supp. 1997); see also Elliott v. Videan, 791 P.2d 639, 644 (Ariz. Ct. App. 1989)("punitive damages have historically been awarded against attorneys for legal malpractice"). As in any case involving punitive damages, however, the plaintiff must prove that the defendant engaged in the requisite culpable conduct. The Alabama Supreme Court has said, for instance, that "some showing of fraudulent, malicious, willful, wanton, or reckless behavior or inaction must be made to support a claim for punitive damages in a legal malpractice case." Boros v. Baxley, 621 So.2d 240, 245 (Ala. 1993). Other courts have used similar terms in describing the culpable conduct for an award of punitive damages in a legal malpractice case.[2]

---

[2] See, e.g., Hyatt Regency v. Winston & Strawn, 907 P.2d 506, 518 (Ariz. Ct. App. 1995) ("aggravated or outrageous conduct"); Orsini v. Larry Moyer Trucking, Inc., 833 S.W.2d 366, 368 (Ark. 1992)(wanton conduct; conscious indifference; malice); Miller v. Byrne, 916 P.2d 566, 580 (Colo. Ct. App. 1995)("willful and wanton"); Ray-Mar Beauty College, Inc. v. Ellis Rubin Law Offices, 475 So.2d 718, 719 (Fla. Dist. Ct. App. 1985)("gross malpractice"); Houston v. Surrett, 474 S.E.2d 39, 41 (Ga. Ct. App. 1996)("willful misconduct, malice, fraud, wantonness, oppression"); Fitzgerald v. Walker, 826

We join these jurisdictions in recognizing that punitive damages may be awarded in a legal malpractice claim, provided the culpable conduct established in Hodges, supra, i.e., intentional, fraudulent, malicious, or reckless, is proven by clear and convincing evidence. In this regard, we disagree with the intermediate court's conclusion that Waters' conduct was merely negligent. In addition to failing to prosecute the Metcalfes' claim, Waters' failed to keep them informed about the status of their lawsuit, failed to prepare when the case was set for trial, failed to re-file the case properly after taking a nonsuit, failed to pay the filing fee, failed to issue summons properly, failed to appear when the case was set a second time for trial, failed to file a notice of appeal, and failed to take any actions in an effort to preserve the Metcalfes' right of appeal. Given Waters' repeated transgressions and callous disregard for the rights of his clients, there was overwhelming evidence from which the jury could find, at a minimum, reckless conduct, that is, conduct constituting a gross deviation from the applicable standard of care. See, e.g., Patrick v. Ronald Williams P.A., 402 S.E.2d 452, 460 (N.C. Ct. App. 1991)("repeated course of conduct which constituted a callous or intentional indifference to the plaintiff's rights" stated a claim for punitive damages).

We also disagree with the conclusion that punitive damages were improper because Waters' malpractice was not contemporaneous with his efforts to lie about and conceal his wrongdoing. Although the Court of Appeals correctly observed that the concealment of wrongdoing is listed among the factors in Hodges that may be considered in determining the amount of punitive damages, nothing in Hodges precludes the factor from being considered with regard to a defendant's liability for punitive damages. Indeed, other factors listed among those for consideration with respect to the amount of punitive damages are also necessarily considered with

---

P.2d 1301, 1305 (Idaho 1992)("extreme deviation from reasonable standards of conduct"); Belford v. McHale, Cook & Welch, 648 N.E.2d 1241, 1245 (Ind. Ct. App. 1995)("malice, fraud, gross negligence, or oppressiveness"); McAlister v. Slosberg, 658 A.2d 658 (Me. 1995)(malice); Gautam v. DeLuca, 521 A.2d 1343, 1347 (N.J. Super. 1987)(wanton, reckless or malice; conscious wrongdoing); but see Cripe v. Leiter, 683 N.E.2d 516 (Ill. App. Ct. 1997)(discussing statute which precluded punitive damages for attorney malpractice).

respect to the threshold liability issue; for instance, the "nature and reprehensibility of the defendant's wrongdoing." Hodges, 833 S.W.2d at 901. A close reading of Hodges, in fact, indicates that only evidence of a defendant's net worth or financial condition is deemed inadmissible in determining a defendant's liability for punitive damages. Id. at 901-902.

Finally, we believe that limiting consideration of a defendant's efforts to conceal his or her wrongdoing is inconsistent with the purpose of punitive damages: to punish egregious acts and deter others from committing the same or similar acts. As other courts have recognized, an attorney's concealment of wrongdoing and/or misrepresentations affecting the client's case relate directly to the punitive damages issue. See, e.g., Houston v. Surrett, 474 S.E.2d 39, 41 (Ga. Ct. App. 1996) ("an attorney's concealment and misrepresentation of matters affecting his client's case will give rise to a claim for punitive damages."); Asphalt Engineers, Inc. v. Galusha, 770 P.2d 1180 (Ariz. Ct. App. 1989)("the record also supports an inference that [the attorney] attempted to cover up his misconduct."). In sum, the harm resulting from the original wrongdoing, as in the present case, may be exacerbated by intentional, fraudulent, malicious, or reckless efforts that prevent the plaintiff from taking immediate corrective action.

## CONCLUSION

We have concluded that the Court of Appeals erred in reversing the jury's verdict awarding punitive damages. There was clear and convincing evidence of intentional, fraudulent, malicious, or reckless conduct on the part of Waters, and there is no requirement that attempts to conceal be contemporaneous with the original wrongdoing. The judgment of the Court of Appeals is therefore reversed in part and the jury's verdict as to punitive damages is reinstated. The case is remanded to the trial court for a new trial solely on the issue of compensatory

damages.  Costs of this appeal are taxed to the defendant/appellee, Larry Waters, for which execution may issue if necessary.

_____
RILEY ANDERSON, Chief Justice


**Concur:**

Drowota, Birch, and Holder, JJ.
Reid, Sp.J.