IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 2, 2000 Session

# HARRY BARNETT and wife, ELIZABETH BARNETT, V. GARY L. LANE and wife, DONNA L. LANE

**Direct Appeal from the Chancery Court for Knox County**
**No. 97-135512-2     Hon. John F. Weaver, Chancellor**

**FILED DECEMBER 6, 2000**

**No. E2000-00967-COA-R3-CV**

Plaintiffs, purchasers of house from defendants, were awarded damages for defects in house not revealed by defendants. Plaintiffs appeal, asking punitive damages and an increase in compensatory damages. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which, HOUSTON M. GODDARD, P.J., and  D. MICHAEL SWINEY, J., joined.

James M. Crain, Knoxville, Tennessee, for Plaintiffs-Appellants, Harry Barnett and wife, Elizabeth Barnett.

John W. Routh, Knoxville, Tennessee, for Defendants-Appellees, Gary L. Lane, and wife, Donna L. Lane.

## OPINION

In this action where plaintiffs purchased a home from defendants, the Trial Judge sitting without a jury, found that the defendants had concealed and failed to disclose the true condition of the basement or foundation wall of the house, and determined the reasonable cost of repairs would be $8,468.97, plus $1,185.00 incurred in finding alternate accommodations while the repairs were made. The Chancellor denied punitive damages, noting there was no evidence as to

defendants' financial condition. The Court further found as to the other claims, that the defendants had not made any actual misrepresentations concerning the basement room addition. The Court awarded $9,653.97 in compensatory damages, and plaintiffs have appealed.

The plaintiffs raised the following issues:

1. Did the Trial Court err in finding that the Defendants did not make any material misrepresentations regarding work done in the basement?

II. Did the Trial Court err in refusing to make certain findings of fact requesting by the Plaintiffs regarding the basement addition?

III. Did the Trial Court err in granting compensatory damages in the amount of $9,653.97 when the cost of total repairs were in excess of $29,700.00?

IV. Did the Trial Court err in denying punitive damages?

Our review of the case is *de novo* upon the record with a presumption of correctness as to the Trial Court's factual determination, unless the preponderance of the evidence is otherwise. Tennessee Rules of Appellate Procedure, Rule 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). The Trial Court's conclusions of law, however, are afforded no such presumption. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996).

Plaintiffs argue that defendants negligently misrepresented that there were no room additions, structural modifications or other alterations or repairs made to the home without the necessary permits, or not in compliance with the building codes. The Chancellor concluded that because the statement in the Disclosure was made "to the best of sellers' knowledge" and related to what the seller was "aware of," there was no evidence of actual knowledge of the violations, and no negligent or fraudulent misrepresentation.

A claim for negligent misrepresentation is actionable in Tennessee. *Tartera v. Palumbo*, 453 S.W.2d 780 (Tenn. 1970). *See also* Restatement of Torts (Second), § 552.

About four years prior to the sale of the house, defendants erected a wall in the basement to close off a room, running electrical wires to that wall. No building permit was obtained, nor did defendants check for compliance with the City building codes. Defendants Disclosure stated that to the best of their knowledge they were not aware of any room addition, structure modifications or other alterations or repairs that were made without the necessary permits or in compliance with the building codes. Plaintiffs insist that this amounted to negligent misrepresentation.

The Trial Court found the defendants were without knowledge of the applicable building codes or permit requirements, and the evidence does not preponderate otherwise. Plaintiffs failed to prove the most basic requirement of a false statement. The statement made by the

defendants was that "to the best of their knowledge" they were not "aware" that any work had been done without necessary permits or in violation of the codes. Since the record establishes they had no knowledge of the code and permit requirements, their statement is not false.

Plaintiffs argue that the actions, statements, rights and liabilities of the defendants must be determined as if they had actual knowledge of each and every provision of public law. However, such a reading would render meaningless the word "aware" and the phrase "to the best of their knowledge" from the statement signed by defendants.

We agree with the Chancellor that plaintiffs failed to meet their burden of showing that the defendants made a false statement with regard to the work done in the basement.

Next plaintiffs appeal the Court's refusal to find certain facts that were requested by plaintiffs in Plaintiffs' post judgment motion. The Court denied this motion holding that:

> [T]he Findings of Additional Facts requested by Plaintiffs are rendered unnecessary by the Court's finding that Defendants did not misrepresent that they were not "aware" of any room additions, structural modifications of other alterations or repairs made without necessary permits or not in compliance with building codes, and the Court declines to make such unnecessary findings...

The requested findings that defendant did not obtain a building permit and the work did not comply with the Knoxville City building code could be refused within the Chancellor's discretion where the additional facts were not relevant to his decision.

Plaintiffs appeal the amount of compensatory damages awarded as being insufficient, and submit that the proper measure of damages where a transaction is entered into as a result of fraud is the difference between the agreed purchase price and the actual value of the property purchased.

In the case of fraud, the measure of damages is that the injured party should be compensated for actual injuries sustained by placing the party in the same position that he or she would have been in had the fraud not occurred. *Harrogate Corp. v. Systems Sales Corp.*, 915 S.W.2d 812, 817 (Tenn. Ct. App. 1995). *See also Boling v. Tennessee State Bank,* 890 S.W.2d 32, 35 (Tenn. 1994).

The evidence as to damages before the Court included the testimony of plaintiffs that they purchased the house for $59,000.00, but that its value at that time was $10,000.00 to $15,000.00 due to all the problems. Plaintiffs' contractor testified the cost of the repairs was $29,700.00, and in addition, consequential damages in the amount of $1185.00. Defendants' expert testified that the repairs should have cost $8,468.97, and that it was not necessary for the plaintiffs to vacate the home.

The Court found that it was necessary to vacate the residence, but that the cost of the repairs testified to by defendants' expert "was more reasonable and credible concerning these repairs attributable to the bowing basement wall of this 40 year old, $59,000.00 home."

Plaintiffs' contractor testified extensively to the cost of various repairs, and defendants' expert testified that he thought much of the work was unnecessary. He said:
.

> . . . [T]he porch has been enlarged quite a bit, as I said, two feet in
> this direction, Your Honor, and two feet away from the house. . .
> And they have added just a flat walkway, like a wheelchair ramp to
> the dwelling itself.

He opined that while it was necessary to rebuild the front porch and to remove the brink veneer, it was not necessary to expand the size of the porch. He further outlined and identified what he considered to be excess unnecessary work done by the contractor. The Trial Court took into account the age of the house and the purchase price in arriving at the amount of damages awarded. We cannot say the evidence preponderates against his findings. Tenn. R. App. P. 13(d). The Trial Court is in the best position to assess the credibility of the witnesses, and therefore, such determinations are entitled to great weight on appeal. *Massengale v. Massengale*, 915 S.W.2d 818, 819, (Tenn. Ct. App. 1995); *Bowman v. Bowman*, 836 S.W.2d 563, 566 (Tenn. Ct. App. 1991). *Also see Tennessee Valley Kaolin Corp. v. Perry*, 526 S.W.2d 488, 490 (Tenn. Ct. App. 1974). The Trial Court clearly found defendants' expert to be credible on the issue of damages, and where the reasonable cost of fully restoring the property is less than the depreciation in value, the cost to repair is the lawful measure of damages. *See Williams v. Southern Railway Co.*, 396 S.W.2d 98 (Tenn. Ct. App. 1965). In arriving at the difference in value immediately before and after the injury to the premises, the trier of fact can take into consideration the cost of restoring the property to its former condition. *McKinnon v. Michaud*, 260 S.W.2d 721 (Tenn. Ct. App. 1953). We affirm the judgment of the Trial Court as to the damages awarded.

Finally, plaintiffs argue that the Court was in error in refusing to grant punitive damages in light of its findings that the defendants had misrepresented the condition of the house.

In this jurisdiction it is clear that punitive damages are "restrict[ed] . . . to cases involving only the most egregious of wrongs." *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992). A court may "award punitive damages only if it finds a defendant has acted either (1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly." *Id.* Such an award is only appropriate when the necessary conduct has been shown "by clear and convincing evidence." *Id.*

Plaintiffs argue that defendants' financial condition is not required as it is only one factor to be considered. Citing *Anderson v. Latham Trucking Co.*, 728 S.W.2d 752 (Tenn. 1987). However, even if defendants' financial condition is required, under *Hodges*, it is to be considered in determining the amount of punitive damages once the fact finder has determined that punitive damages are appropriate. Therefore, plaintiffs argue that they are entitled to at least nominal punitive

damages because the Trial Court found that the defendants had intentionally and knowingly concealed the defects in the home. We do not agree.

It is not enough that the Court finds the Defendant acts fraudulently or intentionally. Such determinations must be supported by "clear and convincing evidence." In a case similar to this, the Court found the Defendants guilty of fraudulent misrepresentation for knowingly and willfully failing to disclose information to the Plaintiffs. *Murvin v. Cofer*, 968 S.W.2d 304 (Tenn. Ct. App. 1997). Nevertheless, this Court found an award of punitive damages to be inappropriate:

> We cannot say that the trial court's findings under T.C.A. § 47-18-109(a)(3) satisfy the quality or quantity of proof required under *Hodges* to sustain an award of punitive damages. . . Furthermore, the trial court did not indicate whether it found, by "clear and convincing evidence," the egregious conduct required by *Hodges*. We cannot extrapolate the trial court's findings regarding the defendants' intentional misrepresentations into the requisite findings of egregious conduct contemplated by *Hodges*.

*Murvin*, 968 at 311-312.

In this case, the Trial Court did not find the actions of the Defendants to be "egregious" nor were any of the findings made by "clear and convincing evidence." In fact, the Trial Court relied heavily on the inference drawn from the fact that the Defendant, Mr. Lane, did not testify. While a preponderance of the evidence supported the Court's decision, we cannot say that it found, "by clear and convincing evidence" that the Lanes acted intentionally or knowingly. Nor can we extrapolate from the Court's findings the level of egregious conduct contemplated by *Hodges*.

Accordingly, we affirm the Trial Court's judgment and remand with the cost of the appeal assessed to plaintiffs Harry and Elizabeth Barnett.

_____
HERSCHEL PICKENS FRANKS, J.