IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 31, 2001 Session

## WALTER D. CUNNINGHAM AND DAVID CUNNINGHAM
v.
## JOHN F. PATTERSON

**An Appeal from the Circuit Court for Shelby County**
**Nos. 300596-1 T.D. and 300597-1 T.D.     Robert L. Childers, Judge**

_____

**No. W2000-01486-COA-R3-CV - December 31, 2001**
_____

This is a tort case involving trespass, assault and battery. The plaintiffs, father and son, sued the defendant, the son's neighbor, after an altercation between the father and the neighbor. Following a bench trial, the trial court found, by a preponderance of the evidence, that the defendant committed trespass against the son, and assault and battery against the father, and the trial court awarded compensatory and punitive damages. The defendant neighbor appeals. We affirmed in part, reverse in part and modify, finding that there is not clear and convincing evidence to support an award of punitive damages, and that the evidence preponderates in favor of a reduced amount of compensatory damages.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in Part and Modified**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Scott B. Peatross, Memphis, Tennessee, for the appellant, John F. Patterson.

Clyde W. Keenan, Memphis, Tennessee, for the appellees, Walter D. Cunningham and David L. Cunningham.

## OPINION

This is a tort case involving trespass, assault and battery, arising out of walking dogs in a nice Memphis neighborhood. In this case, Plaintiffs/Appellees David Cunningham and Walter Cunningham are father and son, respectively. Each sued John Patterson, Defendant/Appellant, in General Sessions Court. David Cunningham sued Patterson for assault and battery, and Walter Cunningham sued Patterson for trespass. Walter Cunningham, the son, is a neighbor of Patterson. In General Sessions Court, the Cunninghams allowed judgment to enter in favor of Patterson, and

they appealed *de novo* to Circuit Court. The Circuit Court consolidated the actions of Walter Cunningham and David Cunningham against Patterson. Patterson counterclaimed against David Cunningham, the father, for battery.

In April 2000, the trial court held a one-day bench trial. At trial, David Cunningham testified that on October 15, 1998, he and his wife were at his son's home at 2880 Garden Lane in the Chickasaw Gardens neighborhood in Memphis. His son, Walter Cunningham, was not there at the time. David Cunningham and his wife were at Walter Cunningham's home to meet some people who were going to do some house cleaning for his son.

David Cunningham testified that he was sitting in the living room of his son's house watching television when he saw two big dogs in the front yard. He got up, went to the glass window and knocked on it to get the attention of the dogs and their owner, Patterson. Cunningham said that he then motioned for Patterson to get his dogs out of the yard. When it looked like Patterson was taking his dogs out of the yard, Cunningham returned to his seat to watch television. Cunningham then looked out the window again and saw Patterson heading toward the front door. When asked whether Patterson knocked on the door, Cunningham testified "I don't recall whether he knocked or rang the bell or what, but I knew he was there." Cunningham testified that when he opened the door, Patterson said, "Hi. You're my neighbor." Cunningham replied, "No, you're not my neighbor. You're my son's neighbor. And I don't want you to let your dogs – he doesn't want you to have his dogs in his yard or messing in his yard or anything like that." Cunningham testified that while this exchange occurred, he stood in the entrance hall just inside the front door to his son's home. He testified that Patterson stood outside the front door, "just below the steps to come in the house."

Cunningham testified that, after the initial exchange, Patterson "just kind of went crazy." Cunningham said that Patterson started to come into the house, but Cunningham stopped him, and then Patterson began "making all kinds of funny noises and pummeling me on my chest and stomach." Cunningham said that Patterson knocked him against the back wall of the entrance hall, and knocked the door around so that it hit an antique chandelier just inside the doorway, causing it to fall. Cunningham said that he scraped his elbow on the back wall of the entrance hall. After Patterson's attack, Cunningham said, he hit Patterson once. Patterson then left the house, and Cunningham went onto the front porch. Cunningham testified that Patterson then turned around in the front yard and said, "I'm going to kill you." Cunningham said that he got into his car and followed Patterson toward Patterson's home.

Marilyn Cunningham, David Cunningham's wife and Walter Cunningham's mother, testified that she was standing on a chair in a closet in the next room in her son's house, tidying some things up, when she heard a loud ruckus at the front door. She jumped down, ran to the front door, and asked her husband what had happened. Her husband replied, "He attacked me." She then ran to the front door and saw Patterson running across the front lawn saying "I'm sorry, I'm sorry, I'm sorry." Mrs. Cunningham said that she then called the police and the security guard.

Patterson testified to a different version of the same events. Patterson testified that he often walked his dog, a Briard (a large, French-type sheep dog) and his brother's dog, a Bearded Collie, in the Chickasaw Gardens neighborhood. Patterson testified that on October 15, 1998, he was walking the dogs down Garden Lane, in front of Walter Cunningham's house. He said that he stepped onto Cunningham's lawn to avoid a lumber truck that was traveling down Garden Lane. He heard a tap at the window, and saw David Cunningham making a gesture at him. Patterson said that he thought Cunningham was gesturing him to come to the front door. Patterson then went to his front door, with both of the dogs on leashes.

Patterson testified that, when he approached the door, David Cunningham opened the door and appeared upset. Patterson said, "Hello. Is there anything wrong?" Cunningham replied, "Keep the dogs out of the yard." Patterson testified that he then said, "I'm sorry. I didn't realize my dogs were in your yard. By the way, we have never met. My name is John Patterson. I'm one of your neighbors." Patterson said that Cunningham became more agitated and replied, "I don't give a damn who you are. You're not one of my neighbors. You're one of my son's neighbors, and he doesn't want any dogs shitting in his yard." After that, Patterson said, the Collie became nervous and began to jump up. The Collie was right in front of Cunningham, and Patterson bent down to check the dog's collar. Patterson testified that, when he began to bend down, Cunningham suddenly punched him in the eye. Patterson tried to cover his face, and Cunningham hit him again in his head, right above his hairline. Patterson testified that, after the second blow, Patterson threw out his right arm to fend off more blows and his right hand hit the front door. After that, Patterson said, one of the dogs had slipped out of its collar and ran into the next door neighbor's yard. Patterson then ran after the dogs, and when he looked back, Cunningham was in the front yard.

Once he got the dogs under control, Patterson testified, he went home and put them inside the house. As he was doing so, the neighborhood security guard pulled into Patterson's driveway and asked Patterson what happened. While Patterson was talking to the security guard, Cunningham drove up and got out of his car. Patterson testified that Cunningham was still angry, pointing at his elbow and saying "Look, you did this." Patterson said that he replied, "Listen, I'm sorry but you shouldn't have hit me." Patterson said that the security guard stepped between them when it looked like Cunningham was advancing toward Patterson.

Walter Cunningham, the son, testified at trial regarding the damages to his property. On direct examination, he testified that the antique chandelier in the entrance hall was purchased for $550, but he replaced it with one that cost $480. He stated that the cost of replacing the stained-glass insert in his front door was $286.86. Walter Cunningham testified that he obtained an estimate for the cost of repainting the hall, although he said that he did the painting himself. Referring to a document that was apparently not made part of the record on appeal, Walter Cunningham testified that the "total repairs" were $1,300, including the estimate for the painting. Patterson objected to evidence of estimates, and his objection was sustained. On cross examination, Walter Cunningham again testified that the cost of replacing the window was $286, but stated that he had the light repaired at a cost of "around $350."

At the conclusion of the trial, the trial court made an oral ruling from the bench. The trial judge commented that the case was not an easy one to decide, since the witnesses all seemed to be straightforward, intelligent, and credible. The trial judge stated that he considered all of the circumstantial and physical evidence, and noted that the altercation occurred on the premises of Cunningham's home, not Patterson's, that the Cunninghams called the police, and that Patterson left saying "I'm sorry." Consequently, the trial court stated in its oral ruling: ". . .the Court finds by a preponderance of the evidence that the defendant [Patterson] did maliciously enter on the premises and commit a trespass." In its written order, the trial court stated:

> 1) The plaintiffs have proven, by a preponderance of the evidence, that the defendant did commit a trespass against the premises of plaintiff, Walter D. Cunningham, on October 15, 1998 and did commit an intentional assault and battery against the plaintiff, David Cunningham.

> 2) Plaintiff, David Cunningham, is hereby awarded compensatory damages in the amount of five hundred dollars ($500.00) and is awarded punitive damages in the amount of one thousand dollars ($1,000.00) from the defendant, John F. Patterson.

> 3) Plaintiff, Walter Cunningham, is hereby awarded compensatory damages in the amount of one thousand three hundred dollars ($1,300.00) from the defendant, John F. Patterson.

From this order, Patterson now appeals.

On appeal, Patterson raises two issues. He argues that the trial court erred by awarding punitive damages to David Cunningham, the father, where Patterson's conduct was disputed and established only by a preponderance of the evidence. Patterson contends that, in order to support an award of punitive damages, intentional conduct must have been shown by clear and convincing evidence. Second, Patterson contends that the evidence at trial did not preponderate in favor of the trial court's award of $1,300 in compensatory damages to Walter Cunningham, the son.

An appeal from a bench trial is reviewed *de novo*, with a presumption of correctness in the trial judge's findings of fact. Tenn. R. App. P. 13(d). Questions of law are reviewed *de novo* with no presumption of correctness. **Ridings v. Ralph M. Parsons Co.**, 914 S.W.2d 79, 80 (Tenn. 1996).

It is well-established that punitive damages are awardable only in cases where the defendant has acted intentionally, fraudulently, maliciously, or recklessly. **Metcalfe v. Waters**, 970 S.W.2d 448, 450 (Tenn. 1998); **Hodges v. S.C. Toof & Co.**, 833 S.W.2d 896, 901 (Tenn. 1992); **Barnett v. Lane**, 44 S.W.3d 924, 928 (Tenn. Ct. App. 2000). Such intentional, fraudulent, malicious, or reckless conduct must be proven by "clear and convincing" evidence in order to justify an award of punitive damages. **Metcalfe**, 970 S.W.2d at 451; **Hodges**, 833 S.W.2d at 901; **Barnett**, 44 S.W.3d at 928.

-4-

In this case, the trial court's oral ruling and its written order states that the fact that Patterson committed trespass, as well as assault and battery, had been proven "by a preponderance of the evidence." Neither the oral ruling nor the written order states that intentional conduct had been proven by "clear and convincing" evidence, which is necessary to support an award of punitive damages. Consequently, the trial court's award of punitive damages to David Cunningham must be reversed.

Patterson also argues that the evidence does not support an award of $1,300 in compensatory damages to Walter Cunningham. The party seeking damages has the burden of proving them. *Overstreet v. Shoney's Inc.*, 4 S.W.3d 694, 703 (Tenn. Ct. App. 1999). In tort cases, proof of damages need not be mathematically precise, but must be certain enough to enable the trier of fact to make a fair and reasonable assessment of damages. *Id.* The evidence required to support a claim for damages must show the amount of damages with reasonable certainty. *Id.*

In this case, the trial court awarded Walter Cunningham $1,300 in compensatory damages. While Walter Cunningham testified that his damages totaled $1,300, this figure included the estimated cost of repainting that Walter Cunningham did himself. He did not testify as to the actual cost of repainting the hall. Patterson objected to evidence of the estimates, and his objection was sustained. Therefore, the remaining evidence, viewed in the light most favorable to plaintiff Walter Cunningham, was that he spent $480 to replace the light fixture and $286.86 to replace the stained glass window. Therefore, the evidence supports an award of damages of only $766.86, and the award of damages to Walter Cunningham is modified to this amount.

In sum, the award of compensatory damages to Walter Cunningham is modified to $766.86. The award of punitive damages to David Cunningham of $1,000 is reversed. The award of compensatory damages of $500 to David Cunningham was not appealed, and is therefore affirmed.

The decision of the trial court is affirmed in part, reversed in part and modified as set forth above. Costs on appeal are taxed equally to Appellant, John F. Patterson, and his surety, and Appellees Walter D. Cunningham and David L. Cunningham, for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE